## REDDINGTON et al. v. WALDON et al.

THE right of a party to an action to testify therein on his own behalf depends entirely upon the statute.

Where an act amending the laws of practice is passed to take effect at some future time, judicial proceedings, intermediate between the passage and the time of taking effect, are governed by the old law.

The Act of 1861, amending Sec. 422 of the Practice Act so as to permit parties to testify on their own behalf, was approved May, 1861, but by a general law did not go into effect until sixty days after its passage. In an action tried on the thirteenth day of July, 1861, the defendants were admitted as witnesses on their own behalf, in accordance with the provisions of the amendment, to which plaintiffs excepted: *held*, that this was error, for which a judgment in favor of defendants must be reversed.

Where, on appeal from a judgment in favor of defendant, error is disclosed in the admissions on the trial of improper evidence in defendants' favor, the judgment will be reversed and a new trial ordered without considering whether or not the plaintiff proved a case entitling him to relief.

APPEAL from the Fifteenth Judicial District.

The facts are stated in the opinion.

*H. K. Mitchell,* for Appellants.

I. The Court erred in admitting the testimony of defendants, W. C. Waldon and Jesse Beene. (Stat. of 1861, 77, 521, 522.) The amendments to Sec. 422 of the Practice Act were not then in force.

II. The Court erred in holding that the debt due to defendant Beene from Waldon & Smith was a copartnership debt. (10 N. H. 77; Story on Part. Sec. 142; Collyer on Part. 2d Ed. 277; *Jacques* v. *Marquand*, 6 Cow. 497.)

*H. O. Beatty,* for Respondent.

I. The defendant Waldon was a competent witness without reference to the statute. He was not actually interested in the controversy, and by the general rule in equity was competent for his co-defendant.

II. Supposing that the admission of defendants as witnesses was erroneous, still the judgment should not therefore be    versed.

The plaintiffs proved no case entitling them to relief, and the motion for nonsuit should have been granted. That motion having been improperly overruled, error in subsequently admitting improper evidence for defendants was immaterial.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This action was brought by plaintiffs to have certain moneys collected by the Sheriff of Butte County, Middleton, one of the defendants, applied on the debt of the plaintiffs. The moneys were received by the Sheriff as the proceeds of the sale of certain property on an execution issued on a judgment in favor of one Beene against Waldon & Smith, all of whom were defendants. It appears that Beene levied his attachment on the property of Waldon & Smith on the sixth day of May, 1860, and the plaintiffs levied their attachments upon the same property on the fourteenth day of May, 1860 ; but the plaintiffs claim that Waldon & Smith were partners; that the property sold was partnership property ; that their debt is a partnership liability, that Beene's is not, and that, therefore, they are entitled to the proceeds of the sale of the property. They also aver that Smith became a guarantor on the note made by Waldon to Beene, on which Beene obtained his judgment, for the purpose of defrauding plaintiffs ; but this is denied, and no proof seems to have been offered to sustain it. The Court found that Beene's debt was a partnership liability, and therefore dismissed the action, and rendered judgment against the plaintiffs for costs, from which this appeal is taken.

On the trial Beene and Waldon were admitted as witnesses on their own behalf, against the objection of the plaintiffs, who excepted thereto, and they assign this as their first ground of error. The finding of the Court, that Beene's debt was a partnership liability of Waldon & Smith, seems to have been founded mainly, if not entirely, on the evidence of these two parties. The right of a party to an action to testify therein on his own behalf, depends entirely upon the statute, and is regulated by the provisions of Secs. 421, 422, and 423, of the Practice Act. This suit was tried on the thirteenth day of July, 1861. The Act of 1861, amendatory of

Sec. 422, by which amendment parties are allowed to testify on their own behalf, upon certain conditions, was approved May 18th, 1861, but did not take effect until sixty days thereafter, as provided by another act, passed March 28th, 1861. (Stat. of 1861, 77.) That amendment was not, therefore, in force at the time of the trial in this case. The defendants in this instance who testified on their own behalf do not seem to have been brought within the provisions of the law then in force, and the Court below therefore erred in admitting them to testify.

But it is urged by the respondent, that the plaintiffs failed to prove any case in the Court below entitling them to any relief, and therefore, the final judgment of dismissal is correct. We are not sure as this case comes within the principles of the case of *Conroy* v. *Woods* (13 Cal. 631), still there is some ground for saying that this action is sustained by the rules there announced. But that question it is unnecessary for us to decide at present, as the defendants on a new trial may be enabled to sustain this finding upon the question of the character of Beene's debt, and the liability of the parties thereon, by competent testimony.

The judgment is reversed, and the cause remanded for further proceedings.