### H. A. JOHNSON v. THE STATE.

*No. 1108.   Decided December 4th, 1895.*

**Passing Forged Instrument—New Law—Not Available When.**

On a trial for passing a forged instrument, which trial was on the 23rd day of July, 1895, the defendant could not avail himself of a new law with regard to trials for forgery and passing forged instruments, approved April 29th, 1895, and which did not become operative until 90 days after the adjournment of the legislature, which occurred on the 30th day of April, 1895.

APPEAL from the District Court of Rusk. Tried below before Hon. W. J. GRAHAM.

This appeal is from a conviction for passing a forged instrument, the punishment assessed being two years' imprisonment in the penitentiary. This case is a companion case to Johnson v. State, ante p. 271.

No statement necessary.

[No briefs have come to the hands of the Reporter.]

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—This is a conviction for passing the forged draft named in the companion case to this. In said case the judgment was affirmed. Johnson v. State, ante p. 271. This cause was called for trial on the 23rd day of July, 1895. At that time the jury had retired to consider their verdict in the forgery case. The appellant moved the court to postpone the trial in this case in order to plead in bar the verdict and judgment in the forgery case in the event that he should be convicted in that case. The court refused this request. In this there was no error. The act of the legislature upon which the appellant relied in support of his motion was approved April 29, 1895, and consequently went into effect 90 days after the adjournment of the legislature, which adjournment occurred on the 30th of April. The act relied on by appellant did not go into effect until after this case was tried. The later act provides that you shall not convict for making, uttering, and having in possession a forged instrument; that but one conviction can be had; and, if that be for the forgery, it is a bar to a prosecution for passing or having in possession the same instrument, or vice versa. In the motion for a new trial two other grounds are urged,—the first, that the evidence was not sufficient to support the conviction. The evidence is amply sufficient to show that he passed the instrument. This

is conceded by the appellant in his testimony.    That the instrument was forged is very clearly proven, and that appellant knew the same to be forged..    The other ground is that discussed in the other case, in regard to the proof that the names to the instrument were those of a fictitious firm.    The judgment is affirmed.

*Affirmed.*