JOSEPHINE E. BURROUGHS, Appellant, v. CITY OF KEOKUK, Appellee.

**MUNICIPAL CORPORATIONS:** Public Improvements—Assessment—Statute Governing. Assessments for paving which was initiated *after* Chapter 76, Acts of the Thirty-fifth General As-

sembly (Sec. 792-g, Code Supp., 1913) became a law, but *before* the act became fully operative on January 1, 1914, but fully constructed *after* said latter date, must be made in accordance with the provisions of said act.

MUNICIPAL CORPORATIONS: Public Improvements—Assess-
2  ments—Invalid Assessments—Power to Correct. Unauthorized sessments do not render prior legal proceedings nugatory. It follows that unauthorized assessments may be corrected. (Sec. 836, Code Suppl. Supp., 1915.)

MUNICIPAL CORPORATIONS:  Public Improvements—Informal-
3  ities Tolerated.  Principle recognized that informality and irregularity must necessarily mark the proceedings of municipal bodies, and the same must be tolerated, so long as jurisdictional requirements are met.

*Appeal from Lee District Court.*—W. S. HAMILTON, Judge.

NOVEMBER 17, 1917.

THE facts are sufficiently stated in the opinion.—*Reversed and remanded.*

*James S. Burroughs,* for appellant.

No argument for appellee.

WEAVER, J.—The plaintiff owns a lot or tract of land abutting on Seventeenth Street, in the city of Keokuk. The street at this point has recently been paved, and an assessment for the expense so incurred has been levied on plaintiff's lot. From this assessment she appealed to the district court, where her objections were overruled and the levy confirmed, and she now prosecutes a further appeal to this court.

1. MUNICIPAL CORPORATIONS: public improvements: assessment: statute governing.

Proceeding according to the terms of the statute as it stood prior to the enactment of Chapter 76 of the Laws of the Thirty-fifth General Assembly, the city council levied the special assessment for the expense of the paving upon

the abutting property only, while it is the contention of the plaintiff that the directions of the act above mentioned should have been observed, and the levy made, not upon the abutting property alone, but upon one half of all the privately owned property between Seventeenth Street and the next street, whether such property abut upon the street or not, but not to exceed 300 feet from Seventeenth Street. The statute to which appellant refers, and on which she relies, was approved April 19, 1913, and became a law July 4, 1913. Its provisions, so far as pertinent to this case, are as follows:

"Section 1. Whenever, after January 1, 1914, any city or town council, including the councils of cities acting under special charter, levies any special assessment for street improvement, as provided by Section 792 of the Code and amendments thereto and supplementary thereof, the same shall be made in accordance with the provisions of Section 792-a of the Supplement to the Code, 1907, and shall be limited to the amount to be assessed against private property, against all lots and parcels of land according to area, so as to include one half of the privately owned property between the street improved and the next street, whether such privately owned property abut upon said street or not, but in no case shall privately owned property situated more than 300 feet from the street so improved be so assessed."

The proceedings in the city council looking to the paving of Seventeenth Street were initiated by the usual resolution of necessity, which was introduced December 22, 1913. The resolution included a statement to the effect that the expense of the improvement would be assessed against the "private property abutting thereon to the extent that the same is assessable by law, said assessments to be made in accordance with the law governing the same." This resolution was published four times in a city newspaper, the last

publication being December 26, 1913. The published resolution also gave notice that the matter would come on for hearing before the city council on January 15, 1914. On the day last named, the council adopted the resolution and ordered publication of notice to contractors and provided that work upon the improvements should be begun on or before April 1, 1914, and be completed on or before July 31, 1914, payment therefor to be made "in special assessment certificates issued in accordance with law to the extent that the cost of the same is assessable against the property abutting on said improvement and in proportion to the special benefits conferred upon said property by said improvements." The contract was let February 24, 1914, and the work was completed and accepted by the city on July 16, 1914. On or about the same date, the engineer's plat and schedule of proposed assessments were filed, and twenty days' notice was given for presentation of objections thereto. In due time, plaintiff appeared and filed objection to the proposed assessment upon her property on the ground already indicated, that the cost of the improvement should be levied pursuant to the later statute to which we have referred. The objection was overruled, and the levy was made upon the abutting property, including plaintiff's lot, according to the statute as it stood before the above mentioned act of the thirty-fifth general assembly. Plaintiff took a timely appeal from this ruling to the district court, and, as we have already said, the assessment as made was there upheld.

When the appeal from the ruling of the city council was heard below, this court had but recently decided the case of *Benshoof v. Iowa Falls,* 175 Iowa 30, concerning the application of the same statute to an assessment for street paving, and, under the circumstances there shown, it was held that such assessment, though not made until after January 1, 1914, should have been levied according to the terms of the old statute, and it is quite possible that the trial court

in this case regarded that precedent as controlling. But the two cases differ very widely in their material facts. In the *Benshoof* case, the resolution of necessity, its final adoption, the preparation of the plans and specifications, the letting of the contract, its approval and the acceptance of the contractor's bond, had all taken place before Chapter 76 of the Acts of the Thirty-fifth General Assembly became a law, on July 4, 1913. By the terms of the contract, the work was to be completed during the year 1913, and before the date fixed in that statute after which assessments must be made under the new law. Though the council, late in that year, extended the time for completion for a period ending in the year 1914, it is said in the opinion in that case that "substantially all the pavement was laid prior to January 1, 1914, and practically all the grading and all the curbing was done in 1913." Quite in contrast with such showing, it appears in the present case that no part of the proceedings was had before the law went into effect, on July 4, 1913, nor was any step taken therein before January 1, 1914, except the introduction of the resolution of necessity in the closing days of December, 1913, and the naming of a day in 1914 on which objections to the resolution would be heard. To a case of this character, we are satisfied that the very exceptional rule applied in *Benshoof v. Iowa Falls* has no application, and that the plaintiff's objection that the assessments should have been levied under the new statute was improperly overruled. It is well suggested in the *Benshoof* case that the legislative purpose in permitting the levy of assessments under the old law for a period of six months after the date when the later statute went into effect was "to postpone its operation until all street improvements then under way might be disposed of under the laws *under which they were instituted*," and it is very clear that the scope of such purpose did not include cases where proceedings were instituted after the law went into effect, for an

improvement to be made or work to be done after the date
when it is expressly provided that assessments must be made
according to the new plan.   To say that, after the law had
gone into effect providing that, "after January 1, 1914," a
specified plan of levying assessments for street improvements
must be followed, the city council could avoid its effect by
the expedient of introducing a "resolution of necessity" on
perhaps the last day of December, 1913, thus initiating pro-
ceedings for paving a street in 1914, and have the expense
taxed according to the law which the present statute re-
peals, would seem to be not only unreasonable but also
clearly out of harmony with both the letter and the spirit
of the legislative language embodied in the act.   It follows
of necessity that the judgment of the district court confirm-
ing the assessment made by the council must be reversed,
and such assessment set aside.

2. MUNICIPAL CORPORATIONS: public improvements: assessments: invalid assessments: power to correct.

Counsel for appellant in his argument
here asks us to declare the whole proceeding
for the street improvement void, and to hold
that plaintiff's property cannot be held liable
for any part of the cost of the paving.   This
we are not disposed to do.   Plaintiff should
not be permitted to have and enjoy the benefits to her prop-
erty arising from the improvement without contributing her
just and proper share of its cost, unless, of course, the law
be such that she is clearly entitled to such immunity.   The
paving was not done without notice to her, nor was the as-
sessment levied without notice.   The city council had juris-
diction of the subject matter, and, while the assessment ac-
tually made was, as to plaintiff's property, erroneous, it was
not void in the sense that, when overruled and set aside on
appeal, a proper assessment may not yet be made.   If it be
said that notice should have been given to owners of non-
abutting property within the district which ought to have

been assessed for the pavement, and that special assessments cannot be laid upon such property without notice, it is a sufficient answer to say that this does not concern the plaintiff or in any manner affect her right, so long as her property is taxed for no more than its proper share under the statutory plan. It is inevitable that proceedings of this nature by officers, boards or councils, made up, as they often are, or perhaps generally are, of men unfamiliar with legal forms or requirements, will be marked with more or less informality and irregularity; and to hold every such departure fatal to the validity of the action taken, without affording opportunity to correct errors, if correction be needed, would be to paralyze the work of municipal improvements. Recognizing this truth, the legislature has provided that, where a special assessment has been set aside or rendered ineffectual because of irregularity in the proceedings, the same may be relevied. Code Section 836, and amendment thereto in the Supplemental Supplement, 1915. Whatever may be the case as between the city and owners of non-abutting property affected by this decision, the error which affects the plaintiff's property is, as we have before noted, at most a remediable irregularity. Moreover, in her objections before the city council, plaintiff's claim was not that her property was not liable to be assessed, but simply that it was assessed for more than its share, because of the council's failure to levy the assessment under the new law, and the sole relief asked by her was that the assessment be made according to that plan. Such also was the prayer of her petition filed in the district court upon her appeal from the action of the council.

3. MUNICIPAL CORPORATIONS: public improvements: informalities tolerated.

The cause will, therefore, be remanded to the district court, with instructions to enter a decree sustaining plaintiff's objection to the assessment laid upon her property. And, as it appears that the error of the city council in this

respect is one which involves a re-assessment which may affect the entire schedule, and a re-examination of the benefits derived from the improvement by all the several tracts of land within the assessment district, the trial court is further instructed to remand the proceedings to the city council, with directions to so amend its schedule and levy as to impose upon plaintiff's premises only so much as is properly chargeable thereto under the plan of assessment provided for in Chapter 76 of the Laws of the Thirty-fifth General Assembly.—*Reversed and remanded.*

GAYNOR, C. J., PRESTON and STEVENS, JJ., concur.