AUGUST PETERSON et al., Appellees, v. INCORPORATED TOWN OF
STRATFORD, Appellant.

MUNICIPAL CORPORATIONS:   Resolution of Necessity in re Extension of Street.   Proceedings for the extension of a public street, when it is proposed to assess the cost upon abutting and adjacent property, *must* be initiated by a resolution of necessity and due notice thereof.   This is true because the proviso of Sec. 751, Code Suppl. Supp., 1915, that the assessment shall be made "as provided

in Chapter 7 of Title V of the Code,'' has the effect (when an assessment is proposed) of incorporating Sec. 810, Code Suppl. Supp., 1915, into the provisions of said Sec. 751.

*Appeal from Hamilton District Court.*—E. M. McCALL, Judge.

NOVEMBER 26, 1920.

SUIT in equity to enjoin a purported special assessment against the property of plaintiffs for cost of a street extension. A trial was had on the merits, which resulted in a decree for the plaintiffs, and the defendant appeals.—*Affirmed.*

*D. C. Chase,* for appellant.

*J. E. Burnstedt,* for appellees.

EVANS, J.—The defendant is an incorporated town. Its city council adopted certain proceedings purporting to extend Dryden Street. A condemnation was had for that purpose, and the extension became an accomplished fact. The regularity of the procedure for such purpose was at no time challenged. After the extension of the street had become an accomplished fact, the city council purported to levy special assessments for the cost of such extension upon adjacent property benefited by such extension. The plaintiffs, as owners of the property thus proposed to be assessed, challenged the jurisdiction of the city council to make such assessment.

The basic fact upon which the plaintiffs rest their challenge of jurisdiction is that no resolution of necessity was adopted by the city council, and no advance notice of any kind was given by it of its proposed action. The defendant's answering contention is that no resolution of necessity was needful under the statute, and that notice of the intention to make the special assessments was given by publication, in advance of the final order.

The gist of the argument for plaintiffs is that, in order to acquire jurisdiction to assess against adjacent property the cost of the extension, the city council should have followed the procedure prescribed in Chapter 7, Title V, of the Code, which

prescribes the duties of the city council in the matter of ordering street improvements, and of assessing the cost thereof against benefited property. As against this, the defendant contends that the procedure herein was governed by Section 751, Supplemental Supplement, 1915, which is a part of Chapter 6 of Title V; that such Chapter 6 provides the procedure for ordering sidewalks and for assessing the cost thereof; and that, under such Chapter 6, no preliminary resolution of necessity is required. The point in dispute thus indicated is vital and decisive. Before proceeding to its consideration, we turn first to the procedure actually had. On January 19, 1917, the city council passed a resolution ordering the extension of Dryden Street. Such resolution included the following:

"That the expenses of such extension shall be paid from the general fund or from the highway or poll taxes or by assessing all or part of the cost thereof on abutting and adjacent property according to benefits derived from such extension as provided in Chapter 7 of Title V of the Code and amendments thereto."

The foregoing portion of the resolution was quoted from Section 751.

The same resolution further provided:

"That the district benefited and in which abutting and adjacent properties to be assessed shall be all lands or lots within 500 feet," etc.

No notice was given of the foregoing resolution. Pursuant thereto, however, condemnation was had, and the street was established. The amount awarded by the sheriff's jury was paid in the first instance by warrants on the general fund of the town. Thereafter, on October 4, 1917, a resolution was adopted, directing the city engineer to prepare a plat and schedule of special assessments upon benefited property. No notice was given of this resolution. The engineer's plat having been later filed, a further resolution was adopted, on November 14, 1917, directing the city clerk to make publication of notice of the plat and schedule on file, and of the proposed special assessments. By this notice, all objections were required to be filed in writing, within 20 days after the first publication. Such notice was published. On January 4, 1918, a special meeting of the city council was held, for the purpose of hearing objections to assessments. No

notice was given, fixing the date of this meeting. There was no appearance before the city council at such meeting, nor were there any written objections on file. This meeting was adjourned to January 7th, on which date a resolution was adopted, ordering the special assessments in accordance with the plat and schedule.

We return to the argument. The power of the city council to order the street extension and the procedure prescribed therefor are controlled by Section 751, Supplemental Supplement, 1915. Such section is in part as follows:

"Cities and towns shall have power to establish, lay off, open, widen, straighten, narrow, vacate, extend, improve, and repair streets, highways, avenues, alleys, public grounds, wharves, landings, and market places within their limits; but no street, avenue, highway, or alley which shall hereafter be dedicated to public use by the proprietor of the ground in any municipal corporation shall be deemed a public street, avenue, highway, or alley, or be under the use or control of such municipality, unless the dedication shall be accepted and confirmed by an ordinance or resolution specially passed for such purpose. The expenses of such extension, repairs, and improvements may be paid from the general fund, or from the highway or poll taxes of such cities or towns, or partly from each of such funds, or by assessing all or any portion of the cost thereof on abutting and adjacent property according to the benefits derived from such extension, repairs, and improvements *as provided in Chapter 7 of Title V of the Code and amendments thereto.*"

Under the foregoing section, it was optional with the city council to pay the cost of the extension either in whole or in part from the general fund, or from the highway and poll taxes, or by special assessment against adjacent property. No procedure for making special assessments, however, is prescribed therein, except by reference. Such reference is contained in the last clause above quoted therefrom. It will be noted that such reference is quite brief, and somewhat indefinite. Its real purpose and scope are in dispute between the parties. Plaintiffs contend that it is the equivalent of an adoption of the procedure provided in Chapter 7; whereas the defendant contends that it refers only to the method of the distribution of the cost between

the benefited owners, and that its effect is to confer power upon the city council to make such assessments in precisely the same manner as they are made for the cost of sidewalks. The position of defendant is strengthened, also, by the fact that Section 751 is included as a part of Chapter 6, and not as a part of Chapter 7, and that Chapter 6 has in it no requirement for a resolution of necessity, unless it be found in this clause.

On the other hand, if the position of the defendant be adopted, there was no occasion at all for any reference to Chapter 7. Without such reference, the other provisions of Section 751 would imply power to order special assessments according to benefit. It must be held, therefore, that Chapter 7 is, to some extent at least, applicable to the case. The extension of the street is classified under Section 751 as a street improvement. The reference therein to Chapter 7 must be deemed, therefore, to refer to those sections of Chapter 7 which deal with street improvements. This is the subject-matter of Sections 810 to 836 of such chapter.

We see no way to give effect at all to the reference contained in Section 751, except to apply to such section all those sections of Chapter 7 which deal with the subject of street improvements and the procedure therefor, whenever it is proposed, under Section 751, to pay the cost of the street improvement by special assessment upon adjacent property. Such reference does not apply when it is proposed to pay the cost out of the general fund, or out of highway or poll taxes.

It is our conclusion, therefore, that the contention of the plaintiffs, as appellees, must be sustained.

The defendant did plead estoppel, but we find no evidence in the record tending to sustain such pleading. The decree entered below must, accordingly, be—*Affirmed*.

WEAVER, C. J., PRESTON and SALINGER, JJ., concur.