ELIZABETH HAUGE et al., Appellants, v. CITY OF DES MOINES, Appellee (and one other case).

**MUNICIPAL CORPORATIONS:** Public Improvements—Nonadjacent
1 **Lands.** Agricultural land located wholly outside the platted part of a city, and situated some four miles from an improvement having for its object the opening of a disconnected part of a street thoroughfare, is not legally "adjacent" to such improvement when such land receives no special benefit from such improvement, either in the enhanced value of the land or in convenience of access thereto. And it matters not that a portion of said land abuts upon a street · which would, by some future and like improvement, be a continuation of the improvement in question.

**MUNICIPAL CORPORATIONS:** Public Improvements—Assessments—
2 **Appeal—Scope.** The statutory provision that, on appeal from a special assessment for street improvements, "all questions touching the validity of such assessment * * * shall be heard and determined," authorizes appellant, on appeal from an assessment consequent on the laying out of a street, to present the question whether appellant's land is *legally adjacent* to the improvement in question.

*Appeal from Polk District Court.—J. D.* WALLINGFORD, *Judge.*

DECEMBER 14, 1923.

REHEARING DENIED APRIL 4, 1924.

IN the district court, this was an appeal from an assessment of benefit for a street extension and improvement. The district court confirmed the assessment, and the plaintiff appeals. An appeal by another plaintiff against the same defendant, involving the same questions, was tried by the district court by stipulation upon the same record, and by the same stipulation is likewise submitted here on the same record. Further reference will be made thereto in the body of the opinion.—*Reversed and remanded.*

*Stewart & Hextell,* for appellants.

*John J. Halloran, Reson S. Jones, Chauncey A. Weaver,* and *Paul Hewitt,* for appellee.

EVANS, J.—In February and March, 1919, the city of Des Moines, through its council, initiated proceedings for the purpose of extending and improving a certain street known as University
Avenue. As a part of such proceedings, it established a benefited district, purporting to include therein the abutting and adjacent property. In this district the plaintiff's property known as Lot 51 was in part included, and an assessment was in due time levied against it. The plaintiff filed objections before the city council, which were overruled. From such action by the city council, she prosecuted her appeal to the district court. She challenged the authority and power of the city council to include her land within the benefited district, because it was not adjacent to the improvement. She challenged also the amount of the assessment, as grossly excessive.

1. MUNICIPAL CORPORATIONS: public improvements: nonadjacent lands.

In order to get an intelligent terminology for the purpose of our opinion, a preliminary statement must needs be made.

The Des Moines River runs southerly through the city of Des Moines. It has been adopted as a base line for the designation of the streets running substantially parallel thereto. The streets which run north and south are designated by number. Beginning at the river as a base line, the streets parallel therewith on each side are numbered consecutively to the east and west limits of the city, respectively. For instance, East Seventh Street is theoretically located seven blocks east of the river; whereas West Sixth Street, known also as West Sixth Avenue, is located theoretically six blocks west of the river. West Thirtieth Street and East Thirtieth Street are supposed to be 60 blocks apart, and each is 30 blocks from the river. University Avenue, as the name is used in this record, is an imaginary avenue, which is partly existent and partly nonexistent, in fact. The imaginary avenue extends in a straight line easterly from the western to the eastern limit of the city. It is deemed to be located upon a correction line of the government survey, as such line extends through the city. Prior to the proceedings here under consideration, this avenue existed in fact for a distance

beginning at the western limit of the city, and extended easterly to West Sixth Avenue. We ignore, for the present, the narrow strip that extended for a short distance east of West Sixth Avenue, and a like condition which extended a short distance west from East Seventh Street. In East Des Moines, an open street was laid out along the correction line, beginning at East Eighteenth Street and extending east to the city limits. This street was also known as University Avenue. There was no direct connection over this line between East Eighteenth Street and West Sixth Avenue. In 1917-1918, the city constructed a bridge across the Des Moines River, upon the line of the imaginary University Avenue. The original objective of the proceedings now under consideration was to extend, open, and improve University Avenue from West Sixth Avenue to East Eighteenth Street, and thereby to utilize the new bridge and to open a through thoroughfare over this line, which should extend from the western to the eastern limits of the city, and give full reality to the imaginary University Avenue. A resolution of necessity to this effect was adopted. Pursuant thereto, the benefited district was created, and was made to include the abutting and adjacent property for the full length of the imaginary University Avenue, being a distance of about nine miles. Later, this resolution of necessity was amended by another, which eliminated from the proposed improvement and extension all that part of the imaginary University Avenue extending east from East Ninth Street to East Eighteenth Street. The result of this amendment was to provide for the extension and opening and improvement of University Avenue from West Sixth Avenue to East Ninth Street, and no more.

Though this change was made in the area and scope of the improvement, no change was made in the established benefited district. The plaintiff's property is located near the eastern limits of the city, four miles distant from the proposed improvement. It is agricultural land, lying entirely outside the platted portion of the city. It does not abut upon University Avenue, either the real or the imaginary. If it is adjacent thereto, it is because it lies within about three quarters of a mile thereof. There is no means of direct access to University Avenue from the plaintiff's land. In order to reach University Avenue from

plaintiff's land over any street, it is necessary to go one mile and a quarter westerly over Dean Avenue, and then northerly; or else to go two miles easterly over Dean Avenue and then northerly. Upon the state of facts herein indicated, the plaintiff contends that her land was not adjacent to the improvement, within the meaning of the statute, and that, therefore, no statutory power was conferred upon the city to include it within the district, or to assess it as a part thereof.

I. We are confronted first with the question of the scope of the appeal. What questions may be raised by the plaintiff by mere appeal? It is conceded that she may contest the amount of the assessment. Can she challenge the power and authority of the city council to include her property in the benefited district as adjacent property? Counsel for the defendant contend

2. MUNICIPAL CORPORATIONS: public improvements: assessments: appeal: scope.

that such challenge can be made only in a certiorari proceeding, and that it is not available to plaintiff by mere appeal. In *Peterson v. Incorporated Town of Stratford*, 190 Iowa 45, we held that the power of the city council to extend streets was conferred by Section 751, Supplemental Supplement to the Code, 1915. This section is as follows:

"Cities and towns shall have power to establish, lay off, open, widen, straighten, narrow, vacate, extend, improve and repair streets * * * The expenses of such extension, repairs and improvements may be paid * * * by assessing all or any portion of the cost thereof on abutting and adjacent property according to the benefits derived from such extension, repairs and improvements as provided in Chapter 7, Title V, of the Code and amendments thereto."

The foregoing section provides us no procedure, except by reference. This reference was construed by us in the *Peterson* case, 190 Iowa 45. We held that procedure was as provided by Section 810, Code Supplemental Supplement, 1915, *et seq.* The only provision for an appeal from the action of the city council for establishing the benefited district is that provided by Section 810 *et seq.* Code Section 839 provides:

"Upon such appeal, all questions touching the validity of such assessment, or the amount thereof, and not waived under the provisions of this chapter, shall be heard and determined.

The appeal shall be tried as an equitable action, and the court may make such assessment as should have been made, or direct the making of such assessment by the council.''

II.  It will be seen from the foregoing that the issues to be tried upon an appeal are not confined to the mere amount of the assessment.  On the contrary, the express terms of this section give to the plaintiff the right to be heard on ''all questions touching the validity of such assessment.''  We think, therefore, that the plaintiff is entitled to be heard on the question whether, upon the facts here appearing, her land was adjacent to the improvement, within the meaning of the statute. If it was not, the city council was without power to include it, and such inclusion must be deemed nugatory.

It is to be conceded that the statute must be construed to give fair, and perhaps broad, latitude to the judgment of the city council as to what is adjacent property.  To some degree at least, the term ''adjacent'' is relative.  We should not, therefore, feel justified in holding counter to the findings of the city council on that question unless it clearly appears from the evidence that the land was not adjacent, within any proper construction of the statute.  We encounter no trouble from conflicting evidence.  There is none.  The evidence is undisputed. Several questions protrude themselves out of these undisputed facts.  One of these is whether the two sectors each known as University Avenue should be considered as parts of one entity, notwithstanding the fact that they have no connection in reality, and that the west end of the east sector and the east end of the west sector are separated by a distance of about one mile.  We are not disposed to deal with this question, upon this record. Treating East University Avenue as a part of the entity of the imaginary University Avenue, it clearly appears from the undisputed facts that the improvement in question has no influence as a special benefit to the land of plaintiff.  Even if her land abutted at this point upon University Avenue, yet we see no way whereby the influence of this improvement could extend to this distance and thereby confer any special benefit upon this land, as distinguished from general benefit; to say nothing of the obstruction to through communication between East Ninth Street and East Eighteenth Street, and of the fact that, from

East Eighteenth Street eastward, University Avenue is unpaved and unimproved. The natural and convenient access from plaintiff's land to the city is ultimately over Grand Avenue. She is thus afforded course of travel over paving all the way. Grand Avenue runs westerly from plaintiff's land, and bears southerly as it approaches the city. If land so remote from the improvement and so disconnected therefrom by any facilities is, nevertheless, to be included within the alleged benefited district, we see no function or use for the word "adjacent," as used in the statute. The undisputed evidence is that the improvement had no influence whatever upon the value of plaintiff's land or upon the convenience of access thereto. Such evidence bears both upon the question of adjacency and upon the question of assessment. The land being, in fact, very remote from the improvement, if it is, nevertheless, to be regarded as adjacent, within the meaning of the statute, it must be because of some special reason whereby special benefits attach to it, notwithstanding its remoteness. Nothing such is disclosed by the record. We reach the conclusion, therefore, that the plaintiff's land was not adjacent to the improvement, within the meaning of the statute, and that the city council was not authorized, under the statute, to levy a special assessment against it.

III.   The other appeal is that of Anna L. Redhead against the city of Des Moines. Her land is contiguous to that of plaintiff Hauge, and lies between it and University Avenue. It abuts upon University Avenue. This is the only distinction between her case and that of the plaintiff Hauge. Does the mere fact that her land abuts upon University Avenue of itself render it adjacent to the disconnected improvement four miles away? We think not.

For the reasons indicated, the judgment below will be reversed on each appeal.—*Reversed and remanded.*

PRESTON, C. J., STEVENS, ARTHUR, FAVILLE, DE GRAFF, and VERMILION, JJ., concur.