AILEEN B. BUTTERS, Appellant, v. CITY OF DES MOINES et al., Appellees.

**MUNICIPAL CORPORATIONS:** Public Improvements—Jurisdiction— Existing But Noneffective Statute—Effect. A city, in acquiring jurisdiction to construct a public improvement, need only comply with existing *effective* statutes. In other words, it need not comply with a statute which then exists, *but which has not yet taken effect.*

Headnote 1: 28 Cyc. p. 978.

*Appeal from Polk District Court.*—LESTER L. THOMPSON, Judge.

JUNE 21, 1926.

Action to enjoin the city from proceeding with the performance of a contract and from levying special assessments

against the property of plaintiff for improvements. Plaintiff's petition was dismissed, and she appeals.—*Affirmed.*

*Stipp, Perry, Bannister & Starzinger,* for appellant.

*Reson S. Jones, Eskil C. Carlson, Chauncey A. Weaver,* and *Paul Hewitt,* for City of Des Moines, appellee.

ALBERT, J.—On the 9th day of October, 1924, the city of Des Moines duly adopted a resolution of necessity for a storm-sewer improvement, to be known as the "Thirty-third Street Storm Water Sewer." On the 4th of June, 1925, a resolution was passed, ordering the construction of the improvement. After the passage of the second resolution, due notice was given, calling for bids, and the contract for the work was awarded to the Wilson Concrete Company, and approved by the city council on August 9, 1925. The appellant, who is a property owner in the proposed improvement district, filed a petition seeking to enjoin the contractor from proceeding with the performance of the contract, and to enjoin the city from levying any assessment against her property, to pay for the improvement. The basis of her prayer for injunction was that the proceedings had by the city were invalid, in that it had failed to acquire jurisdiction to make the improvement.

On the 26th day of April, 1924, the fortieth general assembly, in special session, enacted Section 5993 of the Code of 1924, which reads as follows:

"Before the resolution of necessity is introduced, the council shall prepare and file with the clerk a plat and schedule showing: 1. The boundaries of the district, if any. 2. The streets to be improved. 3. The width of such improvement. 4. Each lot proposed to be assessed. 5. An estimate of the cost of the proposed improvement, stating the same for each different type of construction and kind of material to be used. 6. In each case the amount thereof which is estimated to be assessed against each lot."

This section of the Code, under the Constitution of Iowa, took effect on October 28, 1924. It was amendatory of the prior existing statute, by adding thereto the requirements specified in Subdivisions 5 and 6 of the above quoted statute. It is the claim

of appellant that, by reason of the failure of the city to observe the requirements of said Subdivisions 5 and 6, its proceedings were invalid, and it acquired no jurisdiction. This is the only question urged in the case.

The city council having given proper notice, as required by statute, the matter of the passage of the resolution of necessity came on for hearing on the 9th of October, 1924, and such resolution was, at that time, passed by the city council. It is to be noted that this was 19 days prior to the taking effect of that part of the statute on which appellant bases her complaint. The case narrows itself down, therefore, to the simple question of whether or not, at the time this resolution of necessity was passed, the council had jurisdiction. If it had, appellant must, of course, fail.

Section 26 of Article III, Constitution of Iowa, among other things, provides:

"Laws passed at a special session shall be effective ninety days after the adjournment of the general assembly by which they were passed."

It is conceded that the law in question, having been passed on the 27th day of April, 1924, became effective and operative on the 28th day of October, 1924. The city council, having taken the necessary preliminary steps leading to the passage of the resolution of necessity, met on the 9th of October, 1924, to consider it. The question is, To what law should it look, for jurisdiction to act on that particular date? There can be but one answer to this question, and that is, the law as it existed on that date, to wit, the law as it stood prior to these amendments, which were added thereto by the special session of the fortieth general assembly. It cannot be urged that they were bound to take notice of and act under the amendatory law, which was not effective and operative at the time the city council acted. Until the time arrives when a law is to take effect and be in force, a statute which is passed by both houses of the legislature and approved by the executive has no force whatever, for any purpose. Before that time, no rights may be acquired under it, and no one is bound to regulate his conduct according to its terms. The fixing of a date, either by the statute itself or by constitutional provision, when a statute shall be effective, is equivalent to a legislative declaration that the statute shall have no effect

until the date designated.  Such seems to be the consensus of opinion.  See *Price v. Hopkin,* 13 Mich. 318; *State v. Northern Pac. R. Co.,* 36 Mont. 582 (93 Pac. 945); *Santa Cruz Water Co. v. Kron,* 74 Cal. 222 (15 Pac. 772); *Larrabee v. Talbott,* 5 Gill (Md.) 426 (46 Am. Dec. 637); *People ex rel. Herdman v. Rose,* 166 Ill. 422 (47 N. E. 64); *State v. Bruno,* 48 La. Ann. 1481 (21 So. 30); *Johnson v. State,* 35 Tex. Cr. 273 (33 S. W. 232).  Some of these cases hold that all acts purporting to have been done under it prior to that time are void.  The old law remains in full force until the new takes effect.  *Reddington v. Waldon,* 22 Cal. 185; *Cowen v. Withrow,* 116 N. C. 771 (21 S. E. 676).

The question involved in the case at bar is not involved in our cases of *Benshoof v. City of Iowa Falls,* 175 Iowa 30, or *Burroughs v. City of Keokuk,* 181 Iowa 660.  Under this line of holdings, the city of Des Moines was not required, on October 9, 1924, to give any attention to the added subdivisions to the above section of the statute passed by the extra session of the fortieth general assembly.

As this is the only question involved, the ruling of the district court was right, and is affirmed.—*Affirmed.*

DE GRAFF, C. J., and EVANS and MORLING, JJ., concur.