IN RE PETITION OF CITY OF DES MOINES (Bowdoin Street).

No. 47311.

(Reported in 35 N. W. 2d 571)

JANUARY 11, 1949.

Frank B. Hallagan, Corporation Counsel, S. L. Harvey, City Solicitor, and Frank Bianco, Assistant City Solicitor, all of Des Moines, for appellant.

Lee B. Primus, of Maple Plain, Minnesota, and Reed & Tidrick, of Des Moines, for appellees.

OLIVER, J.—Chapter 417, Code of Iowa, 1946, is applicable to street improvements in commission plan cities of 125,000 or more. Acting thereunder the city council of Des Moines adopted a resolution of necessity and made and approved a schedule of assessments and valuations for the improvement of Bowdoin Street from the north line of Seneca Avenue to the south line of Madison Avenue, by opening, extending, improving, widening and acquiring right of way, and widening, improving and acquiring right of way for Columbia Street from the north line of Seneca Avenue to the south line of Madison Avenue.

Seneca Avenue, which runs east and west, is about six hundred feet south of and parallel to Madison Avenue. Columbia Street runs north and south. It is about three hundred thirty-one feet west of Bowdoin Street, which also runs north and south. The benefited district, designated by the City, was a rectangle about six hundred sixty feet long (north and south) and four hundred fifty feet wide. Its north side was Madison Avenue, its south side Seneca Avenue, its west side Columbia Street and its east side a north-and-south line about ninety-five feet east of the center line of Bowdoin Street.

Pursuant to the foregoing acts of the city council, the city solicitor instituted this action in district court under Code section 417.28. Two property owners objected, alleging benefited properties had been omitted from the schedule of property assessed. They contend the assessment district was so narrow (east and west) that the assessments against their properties were unreasonable and inequitable. They assert the following property should have been included:

(1) Twelve lots in Lockland Addition fronting east on the west side of Columbia Street and immediately west of the district as established. (2) Lots 5 and 6 in Bowen Place. These

lots are east of the east line of the district. They front north on Madison Avenue.

I. The record shows Columbia Street as improved will be fifty feet wide. Many years ago, when Lockland Addition was platted, a strip twenty-five feet wide on which these twelve lots fronted was platted as Columbia Street and was accepted and used as such. This twenty-five-foot strip will be the west half of Columbia Street, as widened.

Counsel for the City contend that because this twenty-five-foot strip had been platted as a street by the original owner of the property, these lots in Lockland Addition had furnished the land for their (west) half of the street and should not bear any of the expense of obtaining the east half. We do not agree with this conclusion. The owners of the land platted as Lockland Addition had no greater rights in Columbia Street after it was accepted by the City than did the owners of the property which adjoined it on the east. Obviously, the present owners, all of whom subsequently purchased the lots in question, have no legal or equitable claim to preference or exemption. The city engineer testified these lots in Lockland would be benefited in that they would front on a street fifty feet in width, instead of twenty-five feet. It is clear they should have been included in the schedule of assessments. See City of Muscatine v. Chicago, R. I. & P. Ry. Co., 88 Iowa 291, 55 N. W. 100.

II. Objector Minium owns Lot 7 in Bowen Place. This lot is four hundred thirty-two feet long, north and south. It was about ninety-five feet wide. Minium's residence faces north and Lot 7 fronts north on Madison Avenue. In this proceeding the City has taken by condemnation a twenty-five-foot strip off the west side of Lot 7. This strip will be the east half of Bowdoin Street. The width of Lot 7 has been reduced to seventy feet. The City proposes to assess it $1047 on the basis of its length which abuts on Bowdoin Street. This is almost one fourth of the cost of the entire improvement of both streets. Lot 6 abuts Lot 7 on the east. It is about four hundred thirty-two feet long and ninety-five feet wide. Lot 5 abuts Lot 6 on the east. Both of these lots front north on Madison Avenue as does Lot 7. Prior to the improvement there was no north-and-south street

near Lots 5 and 6. Bowdoin Street will be an adjacent intersecting street which should benefit Lots 5 and 6. Neither Lot 5 nor Lot 6 was included in the assessment district.

The city engineer testified this was a quiet residential street and the most benefit on any quiet residential street is the ingress and egress to abutting property. However, his subsequent testimony indicates the primary reason for the omission of Lots 5 and 6 was that if another north-and-south street one block east of Bowdoin Street should ever be opened Lot 5 would probably be subject to assessment for that improvement. There is no plan or proposal to open this other street. The mere possibility that eventually it may be opened would not justify the omission of either of these lots from the assessment district in the case at bar. We are not prepared to hold the trial court erred in concluding Lots 5 and 6 should not have been omitted from the assessment district.

III. Various sections of chapter 417, Code of Iowa, 1946, are here involved. Upon passage of a resolution of necessity for a local improvement, section 417.28 requires the city solicitor to file a petition in district court, "praying that steps be taken to levy a special assessment for said improvement, in accordance with the provisions of said resolution of necessity." Sections 417.12 and 417.13 provide for published notice that the City has filed the petition, "praying said court to confirm the valuations and assessments" with the date of the trial thereon, and that the "district court shall have jurisdiction of the real estate, the real estate valuations and assessments as finally fixed by the city council * * *." Section 417.43 states if no objections are filed the court shall immediately confirm the assessment.

Section 417.37 provides:

"Upon the hearing upon said petition, the said court shall have power to correct any irregularities or inequalities in valuations or in the schedule of assessments, and shall consider any objections because of alleged illegal procedure or fraud in the proceedings.

"The court shall inquire whether the city solicitor has omitted any property benefited, and as to whether the schedule of assessments is just and equitable as between the public and

the property assessed, and between the lots or parcels of property assessed.

"The court shall have the power to revise, correct, or modify the description or the cost between the properties affected, or the city solicitor shall make any corrections upon the order of the court."

The portions of chapter 417 here pertinent were enacted in 1929 as parts of chapter 194, Acts of Forty-third General Assembly. The procedure established by this chapter differs in various respects from that provided by other special assessment statutes of this state. Among other things it requires a review by the court of the proceedings of the city, and notice thereof to all persons interested in the real estate proposed to be assessed. The proposed assessments· are not effective unless and until they are confirmed by the court upon such review. It may be noted this statute does not provide for the separate appeals to the district court permitted by other special assessment statutes. However, it requires this one trial or review in which all interested persons are made parties.

The district court refused· to confirm the assessments, ordered that the omitted lots in question be included within the benefited area to be assessed, and remanded the proceeding to the city council for further proceedings with instructions to amend the schedule and levy to include these properties. In its brief and argument the City states its complaint as follows:

 "The City of Des Moines contends that the fixing of an assessment district is solely within the exclusive power of the city council, except where fraud or collusion is shown, and therefore the district court has no authority, in the absence of a showing of fraud or collusion, to order the city council to enlarge said district to conform to the court's conception of what should constitute a benefited or assessment district."

Although the first paragraph of section 417.37 requires the court to consider objections based upon alleged fraud, the second paragraph provides the court shall inquire whether any benefited property has been omitted. A finding of fraud or collusion is not a prerequisite to this inquiry. Moreover, it

is clear the purpose of the inquiry is that the court shall order or require the inclusion of any benefited property found to have been omitted. Otherwise the inquiry would be an empty gesture and this part of the statute meaningless. The third paragraph of the section specifically empowers the court to revise, correct or modify the description. We are satisfied the statute is not open to the construction suggested by the City.

 The City contends also the finding properties had been omitted from the assessment district and the ordering their inclusion were nonjudicial functions which the legislature could not empower the court to perform. Counsel for the City argue this is a question of public convenience and necessity and that it is legislative rather than judicial. They quote at length from Ross v. Board of Supervisors, 128 Iowa 427, 104 N. W. 506, 1 L. R. A., N. S., 431, an action in certiorari to test the validity of drainage district proceedings. The Ross case is not here in point and some parts of it have been virtually overruled.

Thompson v. Board of Supervisors, 201 Iowa 1099, 1105, 206 N. W. 624, 626, a drainage district appeal, states:

"It is to be conceded that, in the early stages of the consideration of the question here involved, language is to be found in some of our opinions which is inconsistent with our later holding. Such language is to be found in Ross v. Board of Supervisors, * * *. At the time of the proceedings in the Ross case, there was no statutory provision for an appeal from an order of establishment of a drainage district. * * * Our later holding in the Focht case [Focht v. Fremont County, 145 Iowa 130, 123 N. W. 769] necessarily had the same qualifying effect upon these cited cases as it did upon the Denny case [Denny v. Des Moines County, 143 Iowa 466, 121 N. W. 1066]."

See also Vinton v. Board of Supervisors, 196 Iowa 329, 194 N. W. 358; Christensen v. Agan, 209 Iowa 1315, 230 N. W. 800.

State ex rel. Mayor of City of Duluth v. Ensign, 55 Minn. 278, 284, 285, 56 N. W. 1006, 1008, involves a statute similar to this and a contention that: "* * * the determination of the board of public works as to the specific lots, tracts, and parcels of land specially benefited, and the amount of such benefit to

each, is conclusive. If this were so, it would leave for the District Court to determine only whether the board had exercised its judgment, and whether there has been, in the assessment, fraud or demonstrable mistake of fact * * *. The power conferred * * * 'to revise, correct, amend, or confirm said assessment in whole or in part, and to make or order a' new assessment in whole or in part,' is power to review, for the purpose of correcting, or annulling and remitting to the board, the entire work of the board as expressed in the assessment, and necessarily implies power in the court to inform itself, by taking evidence, whether the assessment is just and proper. If this power were merely political, administrative, or ministerial, there might be some ground for arguing that vesting it in the court is obnoxious to constitutional objections * * * because requiring of the judiciary the exercise of functions belonging wholly to some other department of the government. * * * we think it may be committed to the court to determine as a quasi judicial question whether the assessing officers have correctly determined the facts upon which the assessment is made."

In 19 Iowa L. Rev. 385 is an article on nonjudicial functions of the district court in Iowa. The author points to the difficulty experienced in determining whether the "necessity" for an improvement is reviewable by the courts. Decisions relating to questions of public "benefit" or "convenience" are said to be in the twilight zone. One such decision referred to is Thompson v. Board of Supervisors, supra, 201 Iowa 1099, 206 N. W. 624. The Thompson case is not here in point. We quoted from it merely to dispose of arguments of the City based upon the Ross case.

The case at bar is not in the so-called "twilight zone." Questions of public benefit, convenience or necessity are not here involved and the rules applicable to such cases need not be considered. The judgment of the trial court here does not change the form or extent of the improvement itself. It merely changes the assessment district by ordering the inclusion of omitted properties. Such a judgment is not novel. In Hauge v. City of Des Moines, 197 Iowa 907, 196 N. W. 68, decided prior to the enactment of chapter 194, Acts of Forty-third General Assembly,

the court changed the assessment district by adjudging certain properties should not have been included in it. Burroughs v. City of Keokuk, 181 Iowa 660, 165 N. W. 83, is a precedent for remanding the proceeding to the city council with instructions to include the omitted properties.

Moreover, the prayer of the petition of the city contains the following recital: "In the event that objections are filed * * * the said City of Des Moines prays for the correction or modification of the description, or the cost between the properties affected, as the facts and circumstances shall warrant * * *." Apparently the scope of the judgment was no broader than the relief prayed by the City.

We hold the statute empowers the district court to require the inclusion of omitted properties and that the review and judgment therein provided do not call upon the court to determine matters not involving a judicial question.—Affirmed.

MANTZ, C. J., and BLISS, HALE, GARFIELD, MULRONEY, and SMITH, JJ., concur.