BALLARD-HASSETT COMPANY, Appellant, v. MRS. ALEX MILLER, Secretary of State, et al., Appellees.

No. 42736.

APRIL 2, 1935.

Wm. L. Hassett, for appellant.

Edward L. O'Connor, Attorney-general, and Walter F. Maley, Assistant Attorney-general, for appellees.

ANDERSON, C. J.—This was an action in equity in the district court of Polk county, Iowa, and this appeal involves only the construction of section 8581-c4 of the 1931 Code. The section in question is a part of chapter 393-C1, known as the "Iowa Securities Law", and is as follows:

"8581-c4. Exempt securities. Except as hereinafter otherwise provided, the provisions of this chapter shall not apply to any of the following classes of securities:

"a. Any security issued or guaranteed by the United States or any territory or insular possession thereof, or by the District of Columbia or by any state or political subdivision or agency thereof."

The question to be determined is whether or not certain so-called "Pledge Orders" issued by incorporated towns and cities in Iowa are subject to registration or qualification under the provisions of the "Iowa Securities Law" or are exempt from such registration or qualification under section 8581-c4.

The plaintiff is a corporation with its principal place of business in Des Moines, Iowa, and is a registered dealer in securities under the provisions of chapter 393-C1 of the 1931 Code of Iowa and as such dealer in securities was and is dealing in and negotiating certain so-called "Pledge Orders" issued by various cities and towns in Iowa pursuant to the provisions of sections 6134-d1 to 6134-d7 of the 1931 Code, known as the "Simmer Law". The defendants-appellees are the Secretary of State, of Iowa, and the superintendent of the securities department under the secretary of state.

The pledge orders involved are in substantially the following language:

"No................ $................

 · "United States of America
 "State of Iowa
 "County of ....................................
 "Town of....................................

"The town of .. ........................., in the County of....................,
State of Iowa, hereby promises to pay to the holder hereof, as here-
inafter stated, the sum of ................................Dollars on the................
day of ............................19........, or at its option at any time prior
thereto, with interest from the ............day of ..........................19........,
at the rate of six per cent per annum, payable semi-annually on the
............ days of ............................. and ........................., in each year,
on presentation and surrender of the annexed interest coupons, as
they severally become due, both principal and interest being pay-
able at the office of the Treasurer in said Town of .........................

"This order is one of a series of One Hundred Six (106)
orders, issued for the purpose of evidencing the amount due upon
a certain contract providing for the purchase of generating and
auxiliary equipment for the Municipal Electric Light Plant of said
Town, and this order is payable solely from the net earnings of said
plant, all as provided by Ordinance No. 45, passed and approved
on the ............ day of ................................., A. D. 19..........

"It is hereby certified: That all acts, conditions and things re-
quired to be done in the issuance of this order in the issue of which
it is a part, have been done and do exist and have been performed
in due, timely and legal manner and form, as required by law.

"Dated this ............ day of ........................., 19..........
 "
 --------------------------------------------------
 "Mayor.

"Attest:
"
--------------------------------------------------------
"Town Clerk.

 "(Form of Coupon)
"No................ $................

 "State of Iowa, County of....................................
 "Town of ....................................

"On the ............ day of ........................., 19........, the
Treasurer of the Town of ................................................. will pay to the
holder hereof, the sum of ................................ Dollars, the same
being the interest due on that date on its Pledge Order dated the

............ day of ............................................ 19........., all in accordance with the provisions of said Order, the same being Pledge Order No...........

"............................................................................................
 "Town Clerk."

It is stipulated that the contract entered into and the securities (Pledge Orders) issued pursuant thereto are not in any sense or manner a general obligation of any municipality, but are payable solely and only out of the net revenues of the utility constructed and approved, and for which the securities are issued.

On October 9, 1933, there was issued out of the office of the secretary of state an order by the superintendent of the securities department which was in the following language:

"Ballard-Hassett Company, Des Moines, Iowa.

"Dear Sir: This is to advise that the Attorney General's office has recently ruled that securities issued by municipalities, commonly referred to as 'pledge orders' due serially over a period of years secured by earnings of utility plants constructed in pursuance to paragraph (Chapter) 312 of the 1931 Code of Iowa, and particularly Section 6134-d1 to d7 inclusive, must be qualified in this department under the provisions of the Iowa Securities Act. Please guide yourself accordingly."

From the issuance of said order the plaintiff appealed to the district court of Polk county, Iowa, under the provisions of section 8581-c19, and asked a reversal and annulment of said order upon the ground that the same was in conflict with and contrary to the provisions of the Iowa Securities Act and especially section 8581-c4 thereof, and alleging that the secretary of state and the superintendent of the securities department were without jurisdiction to require the qualification or registration of the securities referred to in said order.

The appeal was submitted to the trial court and that court entered an order and decree denying the prayer of the plaintiff and holding that the so-called pledge orders should not be exempt from registration or qualification under the provisions of section 8581.-c4, and that the order issued by the superintendent of the securities department was clearly within the intent and spirit of the law. From such order and decree, the plaintiff appealed.

■■■ The language which we are called upon to construe is "any security issued or guaranteed * * * by any state or political

subdivision or agency thereof." The appellant contends that the language should be construed as it reads without any substitution or strained definition, and that the words "issued or guaranteed" refer to two classes of securities. First, those *issued* by any state or political subdivision thereof, and, second, those *guaranteed* by any state or political subdivision thereof. The appellees insist that the securities referred to must be both issued *and* guaranteed, and in order to sustain this contention they ask us to substitute the word "and" in place of the word "or". They argue that the word "or" is used in the statute in a conjunctive sense rather than disjunctive, and that the statute means that the securities referred to must be both issued and guaranteed. When the word "or" is used as a conjunctive, it groups the subject into classes, and, when used as a disjunctive, it separates the classes. Kalbach v. Service Station Equipment Company, 207 Iowa 1077, 224 N. W. 73. The appellees cite cases to the effect that the word "and" may be substituted for the word "or" when necessary to make a statute express the legislative intent as gathered from the context and the existing circumstances at the time of the enactment of the statute in question, but the rules laid down in such cases affords little or no help in construing the statute we have under consideration. No authority has been cited and we have been unable to find any where the precise question involved here has been passed upon.

The statute in question was passed prior to the enactment of what is known as the "Simmer Law", which provides for the issuance of these so-called pledge orders. In construing the section, we must consider what was in the mind and what was the intent of the legislature at the time of its enactment. At that time it must be conceded that the purpose of the act was to prevent the sale and distribution of fraudulent securities and to protect purchasers or those who might invest therein. At that time there were several classes of municipal securities. One, issued by the municipality creating a primary obligation, in other words, issued and guaranteed by the municipality, such as warrants, bonds, etc.; another, involving securities not issued by the municipality but guaranteed by it, such as would occur through the purchase of property or utilities which were at the time of the purchase incumbered by mortgages, bond issues, or other indebtedness which might be assumed or guaranteed by the municipality; and still another class of securities issued by the municipality but not in any way creating a general

obligation of the municipality or guaranteed by it, such as special assessment certificates against particular property in approvement districts. It is evident that the legislature intended to exempt all of such classes of securities from registration or qualification under the provisions of the so-called Securities Act, with the further intent to place such securities in a preferred class. Thus the evident purpose of the use in the act of the words "issued or guaranteed". By a substitution of the word "and" for "or" in the section, we would exclude certain of the securities we have above referred to and we do not think such was the purpose or intent of the legislature. It was the evident intent of the legislature to refer to different *classes* of securities else there would have been no purpose in using the word "or" instead of "and". It is evident that the legislature intended to say, and did say, first, that any security *issued* by a municipality of the state should be exempt. Second, that any security *guaranteed* by such municipality should be exempt. We are constrained to hold that the legislature intended by the use of the language in the section under consideration to exempt from the necessity of registration or qualification any and all of the classes of securities we have heretofore mentioned.

It is suggested in argument, although it does not appear in the printed record, that in the last special session of the General Assembly an amendment to the "Simmer Law" was offered and defeated in both houses of the legislature. Such proposed amendment provided that "any such revenue bonds when offered for sale or exchange to the public, shall first be registered and qualified in accordance with chapter 393-C1 Code of 1931, and shall not be exempt therefrom, any provisions of the statute to the contrary notwithstanding." The action of the legislature in rejecting this proposed amendment might indicate that the legislature was satisfied with its prior enactment and furnishes, to some extent, light on the legislative intent in enacting the statute we have under consideration.

If it was the intent of the legislature to require the registration or qualification of such securities as is in question on this appeal, then it would certainly have required and provided for the furnishing of certain information that could be furnished by the municipality as a requirement or prerequisite to such registration or qualification, and we can find no such requirement in the Securities Act. Certainly section 8581-c8 does not specify requirements or informa-

tion that would be at all pertinent or applicable to the registration or qualification of these securities.

We are of the opinion that the general and accepted meaning of the words used in the act, "issued or guaranteed", is that they refer to different classes of securities, and that it would do violence to the context of the act were the word "and" substituted for the word "or" as it appears in the quoted phrase. It follows from the foregoing discussion, and it is our ruling that the securities involved in this action are not required to be registered or qualified under the provisions of the Securities Act and that the order of the securities department of the secretary of state and the decree and judgment of the trial court is hereby annulled and reversed.—Reversed.

ALBERT, MITCHELL, POWERS, HAMILTON, DONEGAN, and RICHARDS, JJ., concur.