ROBERT B. BYRD, ADMINISTRATOR OF THE ESTATE OF DAVID FRANK, DECEASED, v. PIEDMONT AVIATION, INC., A NORTH CAROLINA CORPORATION; KENNETH BERGSMA AND W. T. CARPENTER, JR., SUCCESSOR ADMINISTRATOR OF THE ESTATE OF JULIUS BERGSMA, TRADING AND DOING BUSINESS UNDER THE NAME "BERGSMA BROTHERS," A MICHIGAN LIMITED PARTNERSHIP.

(Filed 11 April, 1962.)

1. Process § 2—

·Statutes authorizing substituted service of process are in derogation of the common law and must be strictly construed.

2. Process § 15—

An airplane is not a "motor vehicle" within the purview of G.S. 1-105, even under the 1955 amendment, and service of process on the Commissioner of Motor Vehicles in an action to recover for the negligent operation of an airplane owned by a non-resident is ineffectual.

APPEAL by defendant, Kenneth Bergsma, from *Riddle, S.J.*, September 11, 1961 Special Civil Term of BURKE.

This is a civil action instituted 12 May 1961. Plaintiff seeks to recover damages for the alleged wrongful death of his intestate resulting from a mid-air collision of two airplanes, in one of which plaintiff's intestate was a passenger.

Plaintiff alleges that defendant, Kenneth Bergsma (hereinafter referred to as Bergsma), is a general partner in a Michigan partnership, trading and doing business under the name of "Bergsma Brothers," that on 20 April 1960, date of the collision, this partnership was doing business in North Carolina and owned the airplane in which plaintiff's intestate was riding at the time of his fatal injury, and that an employee of the partnership was pilot of the partnership airplane at the time of the collision.

Bergsma was, on 20 April 1960, and has been at all times since, a citizen and resident of the State of Michigan. He was neither the operator nor an occupant of either of the airplanes involved in the collision in question.

In this cause summons was issued out of the Superior Court of Burke County, directed to the Sheriff of Wake County, North Carolina, commanding him to serve the summons on the Commissioner of Motor Vehicles for and on behalf of Bergsma. The Sheriff served the summons as directed and made due return thereof to the Clerk of the Superior Court of Burke County. The Commissioner of Motor Vehicles forwarded a copy of the summons and complaint, together with appropriate notice, by registered mail to Bergsma at Grand Rapids, Michigan. These papers were received by Bergsma on 19 May 1961,

at which time registered return receipt was forwarded to the Commissioner of Motor Vehicles and later delivered by him to plaintiff.

On 14 June 1961 Bergsma made a special appearance in the Burke County Superior Court and moved that the purported service of summons be quashed on the ground that the Commissioner of Motor Vehicles is not a proper person on whom service can be made for him in this action.

The court entered an order denying the motion.

Defendant Bergsma appeals.

*Stack & Graham and Byrd & Byrd for plaintiff.*
*Uzzell & DuMont for defendant appellant.*

MOORE, J. The court erred in overruling the motion. Plaintiff undertook to serve summons on Bergsma under the provisions of G.S. 1-105 and G.S. 1-106. These statutes provide generally for substituted service of process upon nonresident drivers of *motor vehicles.* "Substituted service of process was unknown to common law, but depends upon statutory authorization. And a strict compliance with the provisions of such statute must be shown in order to support a judgment based on substituted service." *Hodges v. Insurance Co.,* 232 N.C. 475, 476, 61 S.E. 2d 372.

An airplane is not a "motor vehicle" within the purview of G.S. 1-105. That statute provides, in part, that "The acceptance by a nonresident of the rights and privileges conferred by the laws now or hereafter in force in this State permitting the operation of motor vehicles, as evidenced by the operation of a motor vehicle by such nonresident on the public highways of this State, or at any other place in this State, or the operation by such nonresident of a motor vehicle on the public highways of this State or at any other place in this State, other than as so permitted or regulated, shall be deemed equivalent to the appointment by such nonresident of the Commissioner of Motor Vehicles, or his successor in office, to be his true and lawful attorney and the attorney of his executor or administrator, upon whom may be served all summonses or other lawful process in any action or proceeding against him or his executor or administrator, growing out of any accident or collision in which said nonresident may be involved by reason of the operation by him, for him, or under his control or direction, express or implied, of a motor vehicle on such public highways of this State, or at any other place in this State, and said acceptance or operation shall be a signification of his agreement that any such process against him or his executor or administrator shall be of the same legal force and validity as if served on him personally,

or on his executor or administrator." The words "or at any other place in this State," were added to the original statute by an amendment, S.L. 1955, Ch. 1022. Prior to the 1955 amendment it was clearly the operation of a "motor vehicle" *on the highways of the State* which was deemed equivalent to appointment of the Commissioner of Motor Vehicles as attorney in fact, upon whom service of summons might be had. An airplane is not designed for operation on the highways of the State. Plaintiff contends that the insertion of the words "or at any other place in this State" so enlarged the scope of the statute as to include the operation of a motor-driven plane in the air. We do not agree. The Legislature did not intend to enlarge and extend the meaning of the words "motor vehicle"; it intended only to broaden the area of such vehicular operation to include private ways and places on land not within the confines of public highways. The amendment does not undertake to change the type of vehicle, but merely enlarges the sphere of its operation.

The words used in a statute must be given their natural or ordinary meaning, unless the act itself indicates that a different meaning is intended. *Seminary, Inc., v. Wake County,* 251 N.C. 775, 782, 112 S.E. 2d 528. The ordinary, popular and common acceptance of the term "motor vehicle" has no relation to machines used in travel by air; it involves only motor-driven devices used in travel by land.

"An airplane is in a class by itself, it has usually been held, in the absence of any express provision on the subject, not to be within the terms 'vehicle,' 'motor vehicle,' 'vessel,' etc. . . ." 6 Am. Jur., Aviation, s. 18, p. 13. "Although the result is always contingent on the particular wording involved, it has been almost invariably held, in the construction of statutes and regulations, that airplanes are not within the terms 'vehicle,' 'motor vehicles,' etc." 165 A.L.R. Anno.—Airplane as "Vehicle" . . . etc., p. 916.

*McBoyle v. United States,* 283 U.S. 25 (1931), involves the theft of an airplane. Defendant was indicted and convicted under the National Motor Vehicle Theft Act. Referring to the Act the Supreme Court said: "When a rule of conduct is laid down in words that evoke in the common mind only the picture of vehicles moving on land, the statute should not be extended to aircraft."

G.S. 1-105 and G.S. 1-106 have no application in the service of process in the case at bar. The court below will enter an order quashing and declaring void the purported service of summons on defendant Bergsma.

Reversed.