Henry Porter et al., appellees, v. Iowa State Board of Public Instruction et al., defendants; Northwest Webster Community School District (Webster County) et al., intervenors, appellants.

No. 52087.

572

SEPTEMBER 20, 1966.

Willard M. Freed, of Gowrie, and Alan Loth, of Fort Dodge, for Northwest Webster, and Elwood & Anderson, of Cresco, for Raymur Acceptance Corporation, appellants.

Kersten, Opheim & Price, of Fort Dodge, for appellees.

MOORE, J.—This is a certiorari action brought by resident-taxpayers challenging the order of defendant State Board of Public Instruction approving an agreement between Northwest Webster School District and Raymur Acceptance Corporation, intervenors, for the leasing of a seven-room building to be erected by Raymur on school land adjacent to the existing school building. The County Superintendent had disapproved the plan and agreement. The district court held the agreement invalid and granted the writ. Intervenors have appealed. We affirm.

In 1960 Northwest Webster Community School District was reorganized. One of its two main attendance centers was at Clare, the other at Barnum. The one at Clare being run down was closed and all pupils were assigned to the Barnum school building which was too small to adequately house them.

Before 1960 the Barnum school had an enrollment of 248 students. With the newly enlarged area the enrollment in September 1960 was 424. Thereafter the enrollment continually decreased. In January 1964 when the lease involved was signed the enrollment was 368. At trial it was 363. These decreases did not eliminate the necessity of holding some classes in the lunchroom, garage, boiler room and gymnasium.

With this crowded condition the school board was faced with the question of further consolidation, tuitioning the high school students to other districts or obtaining additional space.

Between 1960 and 1964 four elections were held to authorize bonds for additional facilities. Three carried by more than 50 percent, but none by the required statutory 60 percent, and therefore failed. The elected board members apparently were not disposed to consider the other alternatives.

On January 13, 1964, Northwest's board entered into three written agreements with Raymur Acceptance Corporation. In one the board leased to Raymur for five years at $25 per year a tract of school land, 200 x 134 feet, adjacent to the east side of the school building.

In another, Raymur leased to the school board 12 movable building sections, 10 x 80 feet, to make seven classrooms, and one 10 x 10 section to be used as an entry hall. All sections were to be placed and connected on a concrete base under one roof by Raymur on the tract leased from the school board. This lease was also for five years at an annual rental of $21,912 payable semiannually. It contained an option of renewal for an annual rental of $10,956. The district was to carry insurance on the structure, maintain it in good repair and pay any tax assessed against it. Heat and other utilities were to be connected by the district with those in the existing school building. When completed this new structure was to house students from kindergarten through the sixth grade.

The third part of the general agreement between the board and Raymur was a written option giving the district the right to purchase the structure for $14,000 at the expiration of five years.

An appeal to review the school board's action was then taken to the county superintendent by several individuals living in the district under the provisions of Code section 290.1. Their appeal was accomplished only after obtaining a writ of mandamus in the district court ordering the secretary of the board to certify the records to the county superintendent which he had previously refused to do. The primary contention before the county superintendent was that the board had not made the findings necessary under Code section 297.12 and the lease of the seven-room structure was invalid.

Upon review the county superintendent sustained the appeal, disapproved the agreements and suggested the school board consider the alternatives of further consolidation or tuitioning the students in the higher grades to other high schools. This ruling was then appealed by the district board to the state board of public instruction under provisions of Code section 290.5.

Two hearings of the appeal were held. The first before the state superintendent and a second before the state board. The objecting individuals, now plaintiff-appellees, claim they had no notice of the second hearing and did not attend. These hearings were not reported and therefore the record does not disclose what happened.

On April 23, 1965, the state board made two decisions. The first affirmed the ruling of the county superintendent. The second withdrew the first decision and reversed the county superintendent's ruling. This resulted in approval of the lease agreement between the district and Raymur.

Code section 290.5 provides the decision of the state board shall be final. With no right of appeal plaintiffs brought this certiorari action. Their petition includes an allegation the state board, state superintendent and directors of the school district exceeded their jurisdiction and acted illegally.

As pointed out in the trial court's findings the state board's second decision does not differentiate between questions of school administration and questions of legal power to rent school buildings. It cites several sections of the Code, including section 297.12, and quotes an opinion of the attorney general. It holds there is legal power to lease when there are 10 or more pupils without school facilities, there were 10 such students in the district and the lease in question was valid under section 297.12.

I. Appellants argue the trial court erred in holding certiorari lies because only discretionary administrative, not judicial, determinations were made. Like the trial court, we do not agree with this contention.

Rule of Civil Procedure 306 provides: "When writ may issue. A writ of certiorari shall only be granted when specifically authorized by statute; or where an inferior tribunal, board or

officer, exercising judicial functions, is alleged to have exceeded its, or his proper jurisdiction or otherwise acted illegally."

It is the nature of the act performed which determines whether it is administrative or judicial. Gates v. City Council of Bloomfield, 243 Iowa 1, 50 N.W.2d 578; Lehan v. Greigg, 257 Iowa 823, 135 N.W.2d 80; 14 C. J. S., Certiorari, section 17b; 14 Am. Jur.2d, Certiorari, section 17. We have held certiorari will lie if the act is quasi-judicial in character. Massey v. City Council of City of Des Moines, 239 Iowa 527, 31 N.W.2d 875; Anderson v. Hadley, 245 Iowa 550, 63 N.W.2d 234; Lehan v. Greigg, supra.

In Hohl v. Board of Education, 250 Iowa 502, 505, 94 N.W.2d 787, 789, we say: "Acts of approving plans, establishing boundaries, etc. by boards of education are of a quasi-judicial character and, as such, may be the subject of certiorari review in the courts. Anderson v. Hadley, 245 Iowa 550, 63 N.W.2d 234, and many citations."

From the beginning appellees have contended the district board acted illegally and so alleged in the petition for certiorari.

The fact appellees may have had another plain, speedy or adequate remedy, such as injunctive relief, is not a ground to deny or annul a writ of certiorari. Rule of Civil Procedure 308.

Here the state board did not restrict its ruling to a review of administrative matters. It passed on the legality of the lease between the school district and Raymur. We hold certiorari lies to review its action.

II. Appellants next argue the trial court having held the district had authority to make "a" lease the court could not question the wisdom of the lease here involved and erred in holding "this" lease illegal.

Code section 297.12 provides: "Renting schoolroom. The board may, when necessary, rent a room and employ a teacher, where there are ten children for whose accommodation there is no schoolhouse."

Code section 274.1 states the school district shall exercise all the powers granted by law. Section 275.32 provides the school board shall establish attendance centers and provide suitable

building for each school. Section 279.12 states the board shall make all contracts necessary or proper for exercising the powers granted and performing the duties required by law.

Appellants contend that once it is established the board may make a lease under section 297.12 then the type and extent of property leased is an administrative matter addressed to the discretion of the board. Like the trial court, we do not agree.

Section 297.12 expressly limits the authority of the board to lease property. Appellants seek to extend its meaning and the apparent intent of the legislature far beyond its plain meaning. The other cited Code sections do not enlarge the authority given the district board under section 297.12.

Photographs, exhibits 1, 2 and 3, show the concrete slab had been poured and installed just east of the school building at trial time. They clearly show this part of the proposed structure is permanent. Obviously it is the base for a permanent structure.

We agree with the trial court's conclusion the three instruments between the district and Raymur are indeed unusual and they go considerably beyond the authority granted by section 297.12. They attempt to do indirectly what the board could not do directly. The board attempted to circumvent the will of the voters who had refused four times to authorize a bond issue to raise funds for an addition to the existing school building. The state board acted illegally in approving this lease.

III. On June 3, 1965, the Sixty-first General Assembly passed S. F. 313, now the last three paragraphs of section 278.1, Code, 1966. It provides a school board, with approval of 60 percent of the voters, may make time contracts not exceeding 20 years for rental of buildings to supplement existing schoolhouse facilities including lease-purchase agreements. It requires adoption of plans and specifications and the taking of bids.

The agreement involved here was made in 1964 and its legality must be judged by the statutes then in force. Butters v. City of Des Moines, 202 Iowa 30, 209 N.W. 401. The legislative intent that controls in the construction of a statute has reference to the legislature that enacted it, not a subsequent one. In re Guardianship of Wiley, 239 Iowa 1225, 34 N.W.2d

593.; Anderson; v. Hadley, 245 Iowa 550, 63 N.W.2d 234.

Appellees' claim this new legislation lends support to the trial court's conclusion is without merit. It does, however, now provide a method by which the district board, subject to approval by the voters, may enter into a lease-purchase agreement to supplement the existing schoolhouse facilities.

The action of the trial court in sustaining the writ of certiorari and annulling the decision of the state board of public instruction is affirmed.—Affirmed.

All JUSTICES concur.