RICHARD GRAY et al., appellants, v. HOWARD-WINNESHIEK COMMUNITY SCHOOL DISTRICT et al., appellees.

No. 52456.

(Reported in 150 N.W.2d 84)

APRIL 4, 1967.

Miller, Pearson & Gloe, of Decorah, for appellants.

Elwood & Anderson, of Cresco, and Jacobson, Bristol & Thomson, of Waukon, for appellees.

GARFIELD, C. J.—This appeal presents the question whether, prior to the effective date of chapter 242, Laws of the Sixty-first General Assembly (1965), now the last three paragraphs of section 278.1, Code 1966, a community school district had statutory power to enter into a lease as lessee of a multi-room school building, with option to purchase it, to be built for the district. On the authority of our decision in Porter v. Iowa State Board of Public Instruction, 259 Iowa 571, 144 N.W.2d 920, 923, we must disagree with the trial court's affirmative answer to this question.

Six resident taxpayers of Howard-Winneshiek Community School District brought this equity suit to enjoin the district and members of its board of education from leasing two school buildings from, and paying rent to, Raymur Acceptance Corporation. The buildings were to be built by Raymur on ground the district owns and leased to Raymur. Following trial, the petition was dismissed and plaintiffs have appealed.

The only ground for relief that need be considered is that defendants lacked statutory power to enter into and carry out the agreements about to be referred to.

Defendant district maintains attendance centers in Cresco and four small towns in the district. It needed additional space for the children, but electors of the district refused to authorize bond issues to finance construction thereof in five separate bond elections held between June 1, 1961, and April 23, 1965. Pursuant to board action, the district leased to Raymur ground on which Raymur was to construct two buildings in Cresco to be used for school purposes. Raymur in turn leased the buildings on May 13, 1965, to the district for five years at an annual rental of $28,230 payable in advance on September 1 of each year, with an option to renew the lease on a year-to-year basis at an annual rent of $14,115.

By separate written agreement, also made May 13, 1965, Raymur granted the district an option to purchase the buildings for $28,230 when it had performed its obligations as lessee under the lease. Exercise of this option is contingent upon compliance by the district with the statutory procedure for the purchase of buildings.

Total rent to Raymur for the five years would pay the cost to it of the buildings and added rent upon renewal of the lease would be its profit.

Each building was to be built on a monolithic slab so it could be taken down and moved to another location. The larger building was to be 70 by 150 feet and the smaller 40 by 48 feet. Each building was to contain "standard classroom facilities." The sidewalls, according to the lease, are to be panels, 10 feet by 10 feet in size, built in Raymur's factory in Illinois, to be assembled on the construction site. Steel parts are bolted together so they, too, may be taken apart and moved to another location. One of Raymur's top officers testified the buildings are the ordinary type the company builds.

Plaintiffs brought this action May 7, 1965, a few days before the written agreements were signed. Trial commenced October 5, 1965. At that time construction of the buildings had been started. The slab for each building was in place, the sidewalls of the smaller building were up and part of the roof completed. Other work had been done at the factory.

I. As indicated at the outset, we are convinced Porter v. Iowa State Board of Public Instruction, supra, 259 Iowa 571, 144 N.W.2d 920, 923, controls this appeal. The written agreements here are virtually the same, except for names of the district, descriptions, amounts and dates, as those before us in Porter. There has been no change in any applicable statute. Raymur was a party to the cited case, represented by the same attorneys who appear for defendants here. Other able counsel also appeared for the Webster County school district, which sided with Raymur there.

Our Porter opinion affirms a trial court's decision squarely in conflict with the one here. It is scarcely conceivable the trial court would have decided the present action as he did if he had had the benefit of our Porter opinion, filed some 6½ months after his decision here.

The statute which directly authorizes renting a schoolroom is section 297.12, Codes 1962, 1966, which provides: "Renting schoolroom. The board may, when necessary, rent a room and

employ a teacher, where there are ten children for whose accommodation there is no schoolhouse."

After quoting this section, the Porter opinion continues (pages 576, 577 of 259 Iowa, page 923 of 144 N.W.2d):

"Code section 274.1 states the school district shall exercise all the powers granted by law. Section 275.32 provides the school board shall establish attendance centers and provide suitable building for each school. Section 279.12 states the board shall make all contracts necessary or proper for exercising the powers granted and performing the duties required by law.

"Appellants contend that once it is established the board may make a lease under section 297.12 then the type and extent of property leased is an administrative matter addressed to the discretion of the board. Like the trial court, we do not agree.

"Section 297.12 expressly limits the authority of the board to lease property. Appellants seek to extend its meaning and the apparent intent of the legislature far beyond its plain meaning. The other cited Code sections do not enlarge the authority given the district board under section 297.12."

Although defendants here have somewhat changed the wording of the contention referred to in the second paragraph just set out, sections 274.1, 275.32 and 279.12 (not 297.12) are the statutes they now argue, and the trial court held, enlarge the authority section 297.12 confers upon the district board.

II. Defendants' counsel have made a determined effort to distinguish the case now before us from the Porter case. As stated, there is no change in the statutes applicable to the two controversies and no material change in the written agreements. Every proposition defendants assert and argue here was asserted and argued in appellants' brief in Porter. Except for the Porter opinion, which is unfavorable to these defendants, and Dubuque Female College v. The District Twp. of Dubuque, 13 Iowa 555 (1862), both now cited, every precedent in defendants' brief was cited in appellants' brief in Porter and considered by us in reaching that decision. Nothing in the early Dubuque case is contrary to anything in this opinion.

Not only are we now cited to the same statute and case authority as in Porter, but defendants' present argument is strik-

ingly similar to, and much of it is copied from, appellants' argument in the Porter case. This is said not in criticism but to point out the close similarity of the two cases. We will refer to the claimed dissimilarities between the instant case and Porter: This district is much larger than the Webster County District involved in the cited precedent and has a tax base of $22,770,725; defendant district was already of necessity lessee of several rooms and buildings for several hundred students and was familiar with rental problems; defendant board had previously leased four classrooms from Raymur and was familiar with its satisfactory service; defendant board had used all other possible approaches toward providing needed school facilities and spent much time toward solution of its problem; defendants had the benefit of the services of a qualified architect; this board recognized that if it is to own the Raymur buildings approval of the voters must be obtained; the Porter record is more "sketchy" than this one; there was no subterfuge as in Porter.

Without stopping to point out several points of similarity between the Porter case and this one other than identity of the applicable statutes and similarity of the written agreements, it is sufficient to observe that nothing in the claimed dissimilarities may be held to support a holding of statutory authority here which we held so recently was lacking in the cited precedent. It may be conceded defendant board was trying as best it could to provide needed facilities for the children of the district, but it was without power to proceed without statutory authority or compliance with important statutory safeguards such as those section 297.7 imposes.

■ III. As indicated at the outset, our decision is reached without considering the effect of chapter 242, Laws of the Sixty-first General Assembly, now the last three paragraphs of section 278.1, Code 1966, effective June 17, 1965. In doing so we accept defendants' suggestion, adopted by the trial court, that this case should be decided under the statutes in effect when the agreements were made and the action was commenced. This is on the theory that the legislative intent which is controlling in the construction of a statute has reference to the legislature which enacted it, not a subsequent one. Porter v. Iowa State Board of

470 ·

Public Instruction; supra, 259 Iowa 571, 577, 144 N.W.2d 920, 924, and citations.

We merely observe that this new statute now provides a method by which the district board, subject to approval of the electors, may enter into a lease-purchase agreement to supplement existing schoolhouse facilities.

For decree in harmony with this opinion the cause is—Reversed and remanded.

All JUSTICES concur except THORNTON, J., not sitting.