[No. 39661.   En Banc.   January 9, 1969.]

THE STATE OF WASHINGTON, *Respondent*, v. CHRISTINE WORK, *Appellant.**

*Rutherford, Kargianis & Austin,* for appellant.

*Charles O. Carroll* and *Herbert L. Onstad,* for respondent.

WEAVER, J.—Defendant appeals her conviction of "the crime of unlawful habitation of a mobile home" in violation of the King County Zoning Code, Resolution No. 18801, as amended.

The court sustained the criminal and constitutional validity of the particular portions of the zoning ordinance under attack; found defendant guilty; and fined her $1,250, with $1,000 suspended if she removed her mobile home within 60 days from date of judgment and sentence.[1]

In 1963, defendant purchased a lot, zoned "R-9.6 Residen-

*Reported in 449 P.2d 806.

[1] Defendant had previously been found guilty in justice court, fined $100, and sentenced to 10 days in jail, suspended. She appealed to the superior court.

tial Single Family District," generally the same as the zoning restrictions of "R-6," with the exception of a small deviation not here involved.

Defendant placed a "mobile" home, 8 x 46 feet, on the lot. The tongue, axles, and wheels were removed, thus eliminating all characteristics of mobility; it was placed upon a permanent concrete-block foundation; the building was attached to water and electric service and connected to a septic tank—newly installed and accepted under permit from Seattle-King County Department of Public Health. The essential facts are that it was built for human habitation, has all the attributes of a dwelling, has been so used, has lost the possibility of potential mobility, and has become fixed to the realty by its foundation and utility connections. No argument is advanced that it does not contain the essential living space of many one-family dwellings, as defined by the zoning ordinance, *infra*. Its sole curse seems to be that it was *moved* to its present location and not *built* there.

Defendant makes two contentions: (1) the zoning code does not prohibit the maintenance of the present structure upon the real property owned by her; or (2) if it does, the prohibitory portions of the zoning code allegedly applicable to her are unconstitutional. It is not necessary for us to reach the second question; our answer to the first is dispositive. We reverse defendant's conviction and remand the case, with instructions to dismiss the charges against her.

■ We examine the zoning code mindful that criminal statutes should be clear and unambiguous so that men of ordinary reason and intelligence need not guess at their meaning. See *Seattle v. Drew*, 70 Wn.2d 405, 423 P.2d 522 (1967). We also point out that in the instant case, as in *State ex rel. Meany Hotel, Inc. v. Seattle*, 66 Wn.2d 329, 331, 402 P.2d 486 (1965):

> Each party enters the legalistic maze of the zoning ordinance at different places, follows different routes, and arrives at a different enclosure.

With this background, we examine the zoning code.

SECTION 2. DEFINITIONS:

. . . .

DWELLING, ONE-FAMILY: A *building* containing but one kitchen, designed and/or used to house not more than one family, including all necessary household employees of such family. (Italics ours.)

. . . .

SECTION 4. R-6 RESIDENTIAL SINGLE FAMILY DISTRICT.
4.01 USES PERMITTED:
1. Single family dwelling unit.
[The remainder of the section is not relevant.]

It is apparent that defendant's place of habitation is a single family dwelling unit. Is it a *building* as defined by the zoning code?

§ 2.03

Building means any structure having a roof *but excluding all forms of vehicles even though immobilized.* Where this resolution requires, or where special authority granted pursuant to this resolution requires that a use shall be entirely enclosed within a building, this definition shall be qualified by adding 'and enclosed on all sides.' (Italics ours.)

Again, it is apparent that defendant's place of habitation is a single family dwelling *building,* which is permitted upon the lot in question by the code. Is it an "immobilized vehicle" *prohibited* by the code?

■ The state contends that defendant lives in a prohibited *immobilized vehicle* and not in a single family dwelling unit. We do not agree.

The zoning code does not define "vehicle" so it must be given its common and accepted meaning. Generally, a vehicle is defined as any device on wheels or runners used to convey persons or objects. A more legalistic definition is found in 91 C.J.S. *Vehicle* p. 805:

The word "vehicle" is variously defined as meaning that in or on which any person or thing is or may be carried from one place to another, especially along the ground, also through the air; everything in or on which anything may be carried; an instrumentality for trans-

porting persons or things from place to place; a conveyance, as a carriage, wagon, or sled; a means of conveyance; that which is used as an instrument of conveyance, transmission, or communication; any moving support or container fitted or used for the conveyance of bulky objects.

Whatever features of mobility the home had originally, the mobility was of the home itself. It was not a vehicle, and it did not become a proscribed, immobilized vehicle when its mobile characteristics were removed and it was placed upon a foundation. It was a prefabricated 1-family-dwelling unit which was not prohibited upon the land in question. As said in *In re Willey,* 120 Vt. 359, 364, 140 A.2d 11 (1958):

It is common knowledge that many homes today are of the "ready-cut" variety. Small ones may be moved in a complete form to the lot upon which they are to be situated. Others are brought to a site in pre-fabricated sections which are then assembled together to make the complete structure. Presumably, they could be disassembled and moved to another location without too much difficulty or damage. But we doubt that anyone would contend that they were mobile in nature and not a house or building.

The zoning ordinance clearly prohibits a discarded school bus being turned into living quarters and immobilized, but it does not prohibit defendant's dwelling unit upon the land owned by her.

The state enters the maze at a larger and different entrance, and wanders through broader alleys of the labyrinth. The sections of the King County Zoning Code (1) discussing the county's statutory zoning powers, (2) establishing residential trailer parks, and (3) defining a trailer to include a mobile home are irrelevant and so vague they do not support the criminal conviction of defendant for having moved a single-family-dwelling unit to her lot. Her home is not a travel-trailer coach.

The judgment and sentence is reversed, and the case

208

remanded with instructions to dismiss the charge against defendant.

It is so ordered.

ALL CONCUR.