Gerald Aaron McREYNOLDS, Plaintiff,

v.

MUNICIPAL COURT OF the CITY OF OT-TUMWA, Iowa, and District Court of Wapello County, Iowa, Defendants.

No. 55528.

Supreme Court of Iowa.

May 23, 1973.

Rehearing Denied June 25, 1973.

Bailey C. Webber, Ottumwa, for plaintiff.

Richard C. Turner, Atty. Gen., and John F. Beamer, Asst. Atty. Gen., Des Moines, for defendants.

Heard by MOORE, C. J., and RAWLINGS, REES, REYNOLDSON and HARRIS, JJ.

REES, Justice.

This matter comes to us as an original proceedings in certiorari to determine the validity of an order of the Municipal Court of Ottumwa and the Wapello District Court for the forfeiture of one certain 1966 model 260 "B" Bellanca airplane bearing registration number N8546R, the property of the plaintiff.

Plaintiff was arrested in Wapello County on September 17, 1970, and charged with unlawful possession of marijuana in violation of section 204.2, The Code, 1966. He was tried and convicted and appealed to this court, and the judgment of conviction was affirmed on February 25, 1972. See State v. McReynolds, 195 N.W.2d 102 (Iowa 1972).

When arrested plaintiff was in the airplane above described and the marijuana

seized was also in the aircraft. Following the affirmance of judgment of conviction of this court, the forfeiture matter proceeded, resulting in the decree of the Wapello District Court directing and ordering the forfeiture of the airplane to the State, as authorized by section 204.11(3), and chapter 127, The Code, 1966.

The forfeiture proceedings were initially instituted in the Municipal Court of Ottumwa which ordered forfeiture of the plane, and subsequently the State of Iowa filed its application in the Wapello District Court to determine the legality and priority of certain claims to the aircraft. The proceedings in the district court were abated awaiting the determination of the appeal in the criminal matter, and on March 14, 1972 the decree of the Wapello District Court directing forfeiture was entered.

Plaintiff advances two grounds on which he relies for the sustaining of the writ of certiorari:

(1) The Municipal Court and the District Court were without legal authorization to declare forfeiture of the Bellanca aircraft since an aircraft is not within the meaning of "any automobile or other vehicle" specified by section 204.11, Code of Iowa, 1971; and

(2) The forfeiture ordered by the Municipal Court and the District Court under section 204.11(3), The Code, 1971, was in error in that such action deprived plaintiff of his property without due process of law, contrary to the Fourteenth Amendment to the Constitution of the United States.

I. Plaintiff contends section 204.11(3), The Code, 1971, did not as a matter of law permit the forfeiture of the airplane because the same is not an "automobile or other vehicle". Section 204.11(3) provides:

"Any automobile or other vehicle used, or intended to be used, to conceal, convey, carry, or transport in violation of this chapter any of the drugs defined in section 204.1, or any automobile or vehicle in which any of the drugs defined in said section are unlawfully possessed by an occupant with the knowledge of the owner thereof, shall be forfeited to the state, under the provisions of chapter 127."

As noted above, the statute under which the forfeiture proceedings were commenced and maintained does not specifically provide for the forfeiture of airplanes or aircraft. We are therefore faced with the responsibility, as was the trial court, to construe the statute and to determine whether or not airplanes or aircraft come within the fair intendment of the statute permitting forfeiture. We recognize the general rule that penal statutes are to be strictly construed and should not be held to include charges plainly without the scope and intendment of the language of the statute, although within its reason and policy, and all doubts should be resolved in favor of the plaintiff in such case. However we recognize also the corollary rule that statutes are not to be construed so strictly as to defeat the obvious intention of the legislature, and that the general rule should not be applied to narrow the words of the statute to the exclusion of cases in which such words in their ordinary use or in the sense in which the legislature used them, would be defeated. See 36 Am.Jur.2d, Forfeitures, § 8, page 615; State v. Leonard, 255 Iowa 1365, 124 N.W.2d 429; State v. Nelson, 178 N.W.2d 434 (Iowa 1970).

In construing statutes, and words used therein in the sense in which such words were used, the court may properly consider the objects and purposes of the statute. State v. Lindsey, 165 N.W.2d 807, 810 (Iowa 1969); State v. Robinson, 165 N.W.2d 802, 805 (Iowa 1969).

Within the ambit of the foregoing rules we now proceed to a construction of the statute in question here.

Plaintiff first contends the definition of "motor vehicle" or "vehicle" in section 321.1, The Code, does not include aircraft. Chapter 321 is entitled, "Motor Vehicles and Law of Road". Section 321.1 of said chapter expressly provides that the definition of vehicles or motor vehicles "for the purpose of this chapter, have the meanings respectively ascribed to them." We conclude therefore the definition of a vehicle or motor vehicle in section 321.1 relates only to vehicles moving over or designed and intended to move over the public highways of this state, and is not in any sense related to the provisions of chapter 204, The Code, 1971, or the use of the words "automobile" or "other vehicle" as used in chapter 204.

Likewise, the definition of an aircraft in section 328.1, The Code, 1971, has reference only to the use of said term for the purposes of chapter 328 which provides for the organization of the Iowa Aeronautics Commission and fixes the limitations of its duties and authority.

Webster's Third New International Dictionary (G. & C. Merriam Co. 1971) defines "vehicle" as: "a means of carrying or transporting something: CONVEYANCE: as a: a carrier of goods or passengers." It also makes reference to "aerial vehicles such as airplanes * * ". Webster's New International Dictionary, 2d Ed., defines "vehicle" as "That in or on which a person or thing is or may be carried from one place to another, especially along the ground, also through the air; any moving support or container fitted or used for the conveyance of bulky objects; a means of conveyance."

The second definition, that is, the one set out above from Webster's New International Dictionary, 2d Ed., has been referred to in State v. Johnston, 252 Iowa 335, 338, 105 N.W.2d 700, 701; Moffitt v. State Auto Ins. Ass'n, 140 Neb. 578, 300 N.W. 837; and see citations collected in Words & Phrases, Permanent Edition, Vol. 44, pages 145–159.

We agree with plaintiff that chapter 204, The Code, 1971, does not (in section 204.11(3) ) define the term "vehicle". In construing the statute, however, we are obligated to employ the rule set out in section 4.1(2), The Code, which directs us to construe words and phrases according to the context and the approved usage of the language. The cases above cited are indicative to us of the fact the word "vehicle" has come to be applied to aircraft in the ordinary lexicon.

We are unable to agree with plaintiff that section 204.13 of the Uniform Narcotic Drug Act, as it appeared in The Code, 1971, and which section has particular reference to nuisances, indicates the legislature's intent to exclude aircraft from the operation of section 204.11(3). It is obvious to us the legislative intent was to proscribe the transportation of narcotics or controlled substances by any means, and this basic consideration must underlie the construction we put upon section 204.11(3).

Plaintiff places considerable reliance on the holding of Mr. Justice Holmes in McBoyle v. United States, 283 U.S. 25, 51 S. Ct. 340, 75 L.Ed. 816, in which Justice Holmes found an airplane not to be a "motor vehicle" within the National Motor Vehicle Theft Act which, at that time, dealt with interstate transportation of stolen motor vehicles. We must, however, consider McBoyle was written in 1931, at which time we would agree the use of the word "vehicle" in everyday speech conjured up in the mind's eye the picture of some sort of vehicle moving over the surface of the earth, and not one moving through the air. We have frequently heard reference to the craft which have been used in space exploration and on expeditions to the moon as "space vehicles". We must therefore interpret the word "vehicle" in the context in which it is used and in consideration of the tenor of the times.

Only shortly after McBoyle, and on April 22, 1935, the United States District Court for the Western District of New

York, in United States v. One Pitcairn Bi-Plane, 2 Cir., 11 F.Supp. 24, held that an airplane was a vehicle and subject to forfeiture when it was used for the purpose of smuggling liquor into the United States. Plaintiff directs our attention to the fact the statute under which the *Pitcairn* forfeiture was laid, was later amended to specifically include aircraft, but our examination of the United States Code Annotated indicates the amendment did not come along until 1954—19 years after the New York District Court entered the order of forfeiture in the *Pitcairn* case.

We must also observe, as did the trial court in its decree, that section 204.11(3) and the nuisance statute above referred to (section 204.13) which expressly includes aircraft in its scope, have different legislative origins and histories.

As observed by the trial court, section 204.13 of the 1971 Code, is a part of the Uniform Narcotic Drug Act, and was first enacted in the exact language of the present statute (section 204.13) as section 13 of chapter 114 of the Acts of the 47th General Assembly in 1937. In the 1939 Code it appeared as section 3169.13, and in all subsequent codes up to the time of the repeal of the entire chapter 204 by the 64th General Assembly, it has appeared as section 204.13.

The trial court further correctly observed the Uniform Narcotic Drug Act contains no provision for forfeiture, and when the 47th General Assembly in 1937 enacted such uniform act, it repealed a former forfeiture statute (section 3161 of all of the Iowa codes from 1924 through 1935), which provided that any motor vehicle or any animal-drawn or other conveyance of any kind used for transporting narcotic drugs in violation of law might be seized and confiscated. The first statute providing for such forfeitures was enacted by the 40th General Assembly (chapter 43, § 3, and H.F. 261–a, § 120). In 1941 the 49th General Assembly amended section 155.1 of the 1939 Code by adding the following section:

"Any automobile or other vehicle used, or intended to be used, to conceal, convey, carry, or transport in violation of this chapter any of the drugs defined in Sec. 3169.01 of the (1939) code, or any automobile or vehicle in which any of the drugs defined in said section are unlawfully possessed by an occupant with the knowledge of the owner thereof, shall be forfeited to the state of Iowa, under the provisions of Chapter 97 of the code." Section 1, Chapter 132, Acts of the 49th G.A.

The above statute first appeared as section 204.14 of the 1947 Code, and changed the statute to which it referred to chapter 127, which deals with the seizure and sale of vehicles used in the transportation of intoxicating liquors in violation of law. Section 204.14 was reenacted by the 61st General Assembly as section 11(3) of chapter 195 of the Acts of the 61st G.A., and has appeared in all later codes, until its repeal by the 64th G.A., as section 204.-11(3). We are fortified in our conclusion that an airplane is a vehicle within the meaning of section 204.11(3) by the fact that said section directs the forfeiture under the provisions of chapter 127, and the further fact that section 127.1, The Code, defines a conveyance as wagons, buggies, teams, automobiles, motor vehicles, water and aircraft, and other forms of conveyances except railways, street and interurban cars. We agree with the conclusion of the trial court that the words "vehicle" and "conveyance" are used synonymously.

■ We hold, therefore, that the Bellanca airplane owned by the plaintiff on September 17, 1970, is a vehicle within the meaning and contemplation of section 204.-11(3) of the Code of Iowa, 1971, is subject to forfeiture, and that the order of forfeiture entered by trial court was correct.

■ II. Our conclusions and holding in the foregoing division are dispositive of

plaintiff's contention trial court was in error in that its action deprived plaintiff of his property without due process of law, contrary to the Fourteenth Amendment to the Constitution of the United States.

The writ of certiorari is therefore annulled, and this cause is dismissed.

Writ annulled; cause dismissed.

MOORE, C. J., and RAWLINGS and HARRIS, JJ., concur.

REYNOLDSON, J., dissents.

REYNOLDSON, Justice (dissenting).

The majority decision acknowledges our basic rule for construction of forfeiture statutes, applied in State v. One (1) Certain 1969 Ford Van, 191 N.W.2d 662, 666 (Iowa 1971):

" [I]t is penal in its nature and must be strictly construed. Nothing can be read into it that is not plainly there."

Even more recently, in State v. Kaufman, Iowa, 201 N.W.2d 722, 723 (Iowa 1972) we said, "[F]orfeitures are not favored and forfeiture statutes should be strictly construed."

But the majority invokes the exception to the above rule, that statutes are not to be construed so strictly as to defeat the "obvious" intention of the legislature.

I suggest it is not "obvious" that the legislature, by the use of the words "automobile or other vehicle," intended to include an airplane. Such conclusion may be reached only by the most strained construction, and by reading into those words something not "plainly there."

Etymologically it is possible to use "vehicle" to signify a conveyance working on land, water, and air, as Justice Holmes observed in McBoyle v. United States, 283 U.S. 25, 26, 51 S.Ct. 340, 75 L.Ed. 816, 818 (1931). But, as Holmes then pointed out, in everyday speech "vehicle" calls up the picture of a thing moving on land.

The majority answers this by reasoning that *McBoyle* was decided in 1931, and in current times reference has been made to moon exploration "space" vehicles, diluting the concept of an earthbound contrivance.

But no one contends the Iowa legislature at the time of this enactment intended "vehicle" to be given anything other than its ordinary meaning. The State concedes as much:

"During the period when this statute was drafted, early 1920's, an automobile was the basic means of transportation while an airplane was only just developing for commercial transportation purposes. Consequently, people thought a vehicle consisted only of those 'things' which moved along the ground."—State's brief, page 8.

Such concession should have settled for this lawsuit what the legislature "obviously" intended in using the word "vehicle," even though it is based on inaccurate legislative history.

Section 3161, The Code, 1924, provided for the forfeiture of "[a]ny animal-drawn or motor vehicle, or other conveyance of any kind."

Section 2000, The Code, 1924 (now § 127.1, The Code, 1973) provided:

"The term 'conveyance' as used in this chapter [on seizure and sale of conveyance used to transport intoxicating liquors] shall embrace wagons, buggies, teams, automobiles, motor vehicles, water and air craft, and all other forms of conveyances except railway, street and interurban cars."

Section 3161, The Code, 1924, along with other sections, was repealed by the Regular Session of the 47th General Assembly, Chapter 114, in 1937. No section on forfeiture of vehicles or conveyances was re-enacted at that time. But in § 13 of that chapter the legislature did enact what became § 3169.13, The Code, 1939 (later § 204.13, The Code, 1971) relating to places

resorted to for the purpose of using narcotic drugs. The 1937 legislature demonstrated beyond dispute it knew the difference between a vehicle and an airplane by use of the language, "Any store, shop, warehouse, dwelling house, building, *vehicle,* boat, *aircraft,* or any place whatever * * * shall be deemed a common nuisance." (Emphasis added.)

Against this backdrop, four years later, with the above words in the same code chapter before it, the legislature selected the word "vehicle" in formulating a provision for the forfeiture of "[a]ny automobile or other vehicle." Regular Session of the 49th General Assembly, Chapter 132, Section 1. This section, substantially unchanged, appeared at § 204.11(3), The Code, 1966, the section involved in the case at bar.

In 1971, the First Regular Session of the 64th General Assembly Chapter 148, repealed § 204.11 and enacted the present § 204.505. Section 204.505(1), The Code, 1973, provides for forfeiture of "[a]ll raw materials, products and equipment of any kind which are used, or intended for use, in manufacturing, compounding, processing, delivering, importing, or exporting any controlled substance in violation of this chapter." Section 204.505(8) provides: "Chapter 127 shall be applicable to *conveyances* used to transport or hold any controlled substance * * *." (Emphasis added.)

Thus the legislature went from the very general all-inclusive term, "conveyance," to the more limited word, "vehicle," then back to "conveyance." When construing statutes the courts search for legislative intent as shown by what the legislature said, rather than what it should or might have said. Rule 344(f)(13), Rules of Civil Procedure. Since in 1947 the legislature said "automobile or other vehicle" rather than "conveyance" as it had said previously and has said subsequently, we must ascribe different meanings to the different words.

There is little logic in asserting the legislature used the words "vehicle" and "conveyance" interchangeably when, in the same code, conveyance was defined as embracing, separately, vehicles and aircraft. The legislature, with the choice before it, selected the more restrictive word.

Adopting majority's rationale that the meaning of "vehicle" must nonetheless be expanded (in an era of space exploration) violates another basic rule of statutory construction. We have always held in construing a statute the court must consider the legislature's intent *at the time of its enactment.* Cray v. Howard-Winneshiek Community Sch. Dist., 260 Iowa 465, 150 N.W.2d 84 (1967); State v. City of Council Bluffs, 230 Iowa 1109, 300 N.W. 264 (1941); Ballard-Hassett Co. v. Miller, 219 Iowa 1066, 260 N.W. 65 (1935).

Not only must majority's conclusion require the fiction of enduing the 1947 enacting legislature with omnipotent and visionary foresight, it irretrievably falls into that error red-flagged by Justice Holmes:

> "[I]t is reasonable that a fair warning should be given to the world in language that the common world will understand, of what the law intends to do if a certain line is passed. To make the warning fair, so far as possible the line should be clear. When a rule of conduct is laid down in words that evoke in the common mind only the picture of vehicles moving on land, *the statute should not be extended to aircraft simply because it may seem to us that a similar policy applies, or upon the speculation that if the legislature had thought of it, very likely broader words would have been used."* (Emphasis added.)

—McBoyle, supra, 283 U.S. at 27, 51 S.Ct. at 341, 75 L.Ed. at 818–819.

A third rule of statutory construction is violated by majority's opinion. It is the common-sense rule of associated words (noscitur a sociis), long recognized in our decisions. See Smith v. City of Fort

Dodge, 160 N.W.2d 492, (Iowa 1968) and cases there cited. When two or more words are grouped together, and ordinarily have a similar meaning, but are not equally comprehensive, the general word will be limited and qualified by the special word. 2 Sutherland, Statutory Construction, § 4908, at p. 393 (3rd ed. 1943). Here the general word "vehicle" is qualified and limited by the special word "automobile," a contrivance which travels on the ground. As thus limited, the word "vehicle" cannot embrace an airplane.

The difference between the etymological meaning and the man-on-the-street concept of "vehicle" has been recognized by almost all modern-day court decisions interpreting that word. First Bank and Trust Co. of Princeton, Ky. v. Feuquay, 405 F.2d 990 (6 Cir. 1969); In re Hayden's Estate, 174 Kan. 140, 254 P.2d 813 (1953); Building Inspector of Falmouth v. Gingrass, 338 Mass. 274, 154 N.E.2d 896 (1959); Rich v. Finley, 325 Mass. 99, 89 N.E.2d 213 (1949); Byrd v. Piedmont Aviation, Inc., 256 N.C. 684, 124 S.E.2d 880 (1962); Marr v. American Flyers Airline Corporation, 443 P.2d 961 (Okl.1968); State v. Work, 75 Wash.2d 204, 449 P.2d 806 (1969); Newberger v. Pokrass, 27 Wis.2d 405, 134 N.W.2d 495 (1965); Gridley v. Cardenas, 3 Wis.2d 623, 89 N.W.2d 286 (1958).

The general holding is thus distilled in the annotation found at 165 A.L.R. 916:

"Although the result is always contingent on the particular wording involved, it has been almost invariably held, in the construction of statutes and regulations, that airplanes are not within the terms 'vehicles,' 'motor vehicles,' etc."

Other supportive statements are found in the following authorities: 8 Am.Jur.2d, Aviation § 20, at p. 638 ("An airplane is in a class by itself. It has usually been held, in the absence of any express provision on the subject calling for a different conclusion, not to be within the terms 'vehicle,' 'motor vehicle,' 'vessel,' or the like."); Ballentine's Law Dictionary 1334 (3rd ed. 1969), ("The word [vehicle] is commonly understood as something which moves or runs on the land, not something that flies in the air, although etymologically the term might be considered as broad enough to cover a conveyance propelled in the air."); 91 C.J.S., Vehicle, at p. 806 ("[I]n everyday speech 'vehicle' calls up the picture of a thing moving on land, and, accordingly, the term ordinarily is not applied to an aircraft * * * ."); 2 Funk & Wagnalls New Standard Dictionary of the English Language 2687 (1940) ("vehicle * * *, That in or on which anything is or may be carried; especially, a contrivance with wheels or runners for carrying something * * *; specif., in law, any artificial contrivance used or capable of being used as a means of transportation on land.").

The single supportive case relied on by the majority (United States v. One Pitcairn Biplane, 11 F.Supp. 24 [W.D.N.Y. 1935]), from the lowest federal court, has been cited only three times in its 38-year existence. It was cited in a dictum in South Mississippi Airways v. Chicago & South. Airlines, 200 Miss. 329, 26 So.2d 455 (1946), which held the Mississippi statutes had not recognized air transportation as falling within the jurisdiction of the state's public service commission. It appears in Grace v. MacArthur, 170 F.Supp. 442 (E.D.Ark.1959) on an entirely unrelated point. Finally, it was referred to in the annotation, 165 A.L.R. 916, 918, as "Apparently the only case in which an airplane was considered to be a 'vehicle' * * * ."

It is also significant that when the legislature set out to define "aircraft" in § 328.1, The Code, it was not defined in the terms of "vehicle":

" 'Aircraft' means any *contrivance* now known, or hereafter invented, used or designed for navigation of or flight in the air, for the purpose of transporting persons or property, or both." (Emphasis added.)

There is nothing in the facts of this case, our statutes, or our decisions which justifies this court in departing from the reasoning of the overwhelming majority of

jurisdictions which have considered the true import of the word "vehicle." There is still less reason for this court to retreat from our rule requiring strict construction of forfeiture statutes even though, in a different context, interpreting a non-penal statute, a liberal approach might permit a different conclusion.

I would sustain the writ.