548 P.2d 1148

**STATE of Arizona ex rel. J. Michael FLOUR-NOY, Coconino County Attorney,**
**Petitioner,**

v.

**The Honorable Joyce MANGUM, Judge of the Superior Court of the State of Arizona in and for the County of Coconino, Respondent,**

and

**ONE 1956 CESSNA #172 F. A. A. ASSIGNED REGISTRATION NO. N 7345 A V. I. N. 29445, and Sanders T. Achen, Real Parties In Interest.**

**No. 12588.**

Supreme Court of Arizona,
In Banc.

April 21, 1976.

J. Michael Flournoy, Coconino County Atty. by Gerald F. Till, Deputy County Atty., Flagstaff, for petitioner.

Dennis DeConcini, Pima County Atty. by Jack L. Lansdale, Jr., Deputy County Atty., Tucson, for amicus curiae.

Mangum, Wall & Stoops by Gerald W. Nabours, Flagstaff, for real parties in interest.

HOLOHAN, Justice.

The State, by special action, seeks to set aside the ruling of the Superior Court of Coconino County dismissing forfeiture proceeding against an airplane alleged to have transported marijuana. We accepted jurisdiction to resolve the conflict in lower court decisions on the question of whether an airplane is a vehicle and subject to seizure pursuant to A.R.S. § 36–1041.

The statute in issue provides:

"The interest of the legal owner or owners of record of *any* vehicle used to transport unlawfully a narcotic drug, or in which a narcotic drug is unlawfully

kept, deposited or concealed, or in which a narcotic is unlawfully possessed by an occupant, shall be forfeited to the state." A.R.S. § 36–1041. (Emphasis added.)

The facts necessary are not in dispute and they reflect that Respondent Sanders T. Achen is the record owner of a 1956 Cessna airplane. On December 6, 1975, the Respondent Achen was arrested at the Flagstaff Airport for the unlawful possession for sale and transportation of marijuana. At the time of the arrest approximately six pounds of marijuana were seized from the interior of the airplane which Respondent landed at the Flagstaff Airport immediately prior to his arrest. On January 29, 1976, the State filed a Notice of Intent to Institute Forfeiture Proceedings against the airplane pursuant to A.R.S. § 36–1041 et seq. On February 6, 1976, the Respondent filed his answer to the forfeiture proceeding raising the affirmative defense that an airplane is not a vehicle within the meaning of A.R.S. § 36–1041. On March 11, 1976, at the hearing on the forfeiture proceeding, the Respondent again urged dismissal of the action for lack of jurisdiction. The superior court, after hearing evidence, ruled that it was without jurisdiction to declare a forfeiture of an airplane under A.R.S. § 36–1041 et seq.

The resolution of this controversy depends upon the meaning of the word "vehicle" as used in A.R.S. § 36–1041. In the interpretation of a statute the primary duty of the Court is to give effect to the legislative intent. To arrive at that intention we look to the words, context, subject matter, effects and consequences, reason, and spirit of the law. *Arnold Const. Co., Inc. v. Arizona Board of Regents,* 109 Ariz. 495, 512 P.2d 1229 (1973). In interpreting a statute a sensible construction should be given which will accomplish the legislative intent and purpose and which will avoid an absurd conclusion or result. *Arnold Const. Co., Inc. v. Arizona Board of Regents, supra; Mendelsohn v. Superi-*

*or Court,* 76 Ariz. 163, 261 P.2d 983 (1953).

It is clear that the legislature, by the Uniform Narcotic Drug Act, A.R.S. § 36–1001 *et seq.,* seeks to regulate and restrict the use, sale, manufacture, possession, or transportation of narcotic drugs and marijuana. The criminal penalties provided for violation of this policy are severe. In addition to the criminal penalties, the legislature has provided civil remedies against the use of buildings to illegally store narcotic drugs. A.R.S. § 36–1013. As a further deterrent to activity in the area of narcotic drugs and marijuana, the legislature provided for forfeiture of vehicles used in the transportation of such contraband.

Respondent contends, however, that the word "vehicle" in the forfeiture statute does not apply to an airplane. He argues that the ordinary meaning of the word "vehicle," as defined in 1952 when the statute was enacted, would not include an airplane. In support of his position he refers to the definition of "vehicle" in Funk and Wagnalls' "New Practical Standard Dictionary" (1952) which defines it as:

"VEHICLE. 1. That in or on which anything is carried; especially, a contrivance fitted with wheels or runners for carrying something; a conveyance, as a car or sled."

Respondent argues that the foregoing definition does not encompass an airplane.

Webster's New International Dictionary (Second Ed. Unabridged 1935, 1943, and 1957) defines "vehicle" as follows:

"Vehicle. 1. That in or on which a person or thing is or may be carried from one place to another, esp. along the ground, *also through the air;* any moving support or container fitted or used for the conveyance of bulky objects; *a means of conveyance."* (Emphasis added.)

The first or general meaning of the word is defined in similar terms by both authori-

ties, but the work by Funk and Wagnalls thereafter tends to limit the concept. Webster's definitions of the word encompass that which is normally associated with an airplane. We do not need to choose one definition over the other, but rather we look to other aids in construction of the statute.

A review of the reported cases that deal with the issue of whether an airplane is a "vehicle" for the purpose of various unrelated statutes does not indicate uniformity or even a consensus of opinion, but rather illustrates a case-by-case determination on the word's use in the statute and the legislative intent underpinning the statute. *Compare, McReynolds v. Municipal Court,* 207 N.W.2d 792 (Ia.1973); *Southern Mississippi Airways v. Chicago & South. Airlines,* 26 So.2d 455 (Miss.1946); *United States v. One Pitcairn Biplane, Etc.,* 11 F. Supp. 24 (W.D.N.Y.1935), *with, McBoyle v. United States,* 283 U.S. 25, 51 S.Ct. 340, 75 L.Ed. 816 (1931); *DiGuilio v. Rice,* 70 P.2d 717 (Cal.App.1937); *Marr v. American Flyers Airline Corporation,* 443 P.2d 961 (Okl.1968). The case upon which the petitioner principally relies, and the one most closely allied to the statute and factual situation presented to us, is the case of *McReynolds v. Municipal Court of City of Ottumwa,* 207 N.W.2d 792 (Ia.1973). The Supreme Court of Iowa found that an airplane fell within the definition of "automobile or other vehicle" definition in its forfeiture statutes. The Iowa court *inter alia,* held:

"We are unable to agree with plaintiff that section 204.13 of the Uniform Narcotic Drug Act, as it appeared in The Code, 1971, and which section has particular references to nuisances, indicates the legislature's intent to exclude air-

craft from the operation of section 204.-11(3). It is obvious to us the legislative intent was to proscribe the transportation of narcotics or controlled substances by any means, and this basic consideration must underlie the construction we put upon section 204.11(3)." 207 N.W. 2d at 795.

■ It is our opinion that the respondent places too restrictive a definition on the word "vehicle" when used in its context in A.R.S. § 36–1041 *et seq.* The primary intent of the legislature in the enactment of A.R.S. § 36–1041 was to add an additional penalty for the unlawful transportation of the proscribed substance. The forfeiture also served to prevent future use of the device to carry on the illegal activity. The legislature's utilization of the language "all vehicles," rather than "motor vehicles" or "automobiles" tends to indicate the intent of the legislation to encompass all modes of transportation of every type utilized in such an endeavor.

We agree with the Iowa Supreme Court's decision in *McReynolds, supra.* We conclude that the legislative intent in our statute was to penalize the unlawful transportation of narcotics and marijuana by whatever means. We hold that an airplane is a "vehicle" within the meaning of A.R.S. § 36–1041.

The ruling of the superior court is set aside, and this cause is remanded to that court for further proceedings consistent with the views expressed in this opinion.

STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concur.

Note: CAMERON, C. J., did not participate in the determination of this matter.