
585 P.2d 1233

**Jacqueline A. MEALEY, dealing with her sole and separate property, Appellant,**

v.

**Sam ORLICH d/b/a Associated Brokers, Appellee.**

**No. 13561.**

Supreme Court of Arizona, In Division.

Oct. 16, 1978.

Stanley M. Jerman, Phoenix, for appellant.

Leibsohn, Eaton, Gooding & Romley by Jeffrey M. Proper, Phoenix, for appellee.

HAYS, Justice.

This is an appeal by defendant Jacqueline A. Mealey (seller) from a summary judgment granted by the Maricopa County Superior Court in favor of Sam Orlich (broker), and from denial of the motion for summary judgment made by seller. We have jurisdiction pursuant to Rule 47(e), 17A A.R.S., Rules of the Supreme Court. We reverse and remand.

Only one issue is before us: Whether, in regard to a brokerage commission, a sale pursuant to 42 U.S.C. § 4651, Uniform Real Property Acquisition Policy Act of 1970, (Act), must be treated as a sale under condemnation. We hold it must.

Broker entered into an exclusive listing agreement with seller that entitled broker to a commission if the property described therein were sold, exchanged, rented, or leased during the period of the contract, whether or not as a result of his efforts.

During the term of the agreement, seller received a letter from the U. S. Department of Interior, Bureau of Reclamation, entitled "Right of Way Notice." It contained a legal description of seller's land and informed her that it was "the intention of the Bureau of Reclamation to acquire fee title . . . to the land required for the Granite Reef Aqueduct . . . which will affect the above described land." It further stated that each affected landowner would receive additional notice of the final impact on his land.

Seller later received another letter from the same agency. In it the government "propose[d] to acquire" a specified piece of her land and indicated the price it would pay. It also stated that the information therein was furnished pursuant to § 4651(3) of the Act. It closed by adding: "Your cooperation in this transaction will be appreciated."

Seller accepted the terms offered by the government. No formal condemnation proceeding was brought.

When broker learned of the sale he demanded payment of the brokerage commission and, upon seller's refusal, brought suit for breach of contract. Broker admits on appeal that the term "sale" in the listing agreement does not cover a condemnation sale and that such sale would not give rise to a commission.

■ It is beyond question that the United States Government has the authority to condemn property for public use. However, in the Act, Congress established certain policies to govern land acquisitions by federal agencies whenever practicable.

The Act, in § 4651(1), directs that the agency concerned shall make "every reasonable effort to acquire . . . . real property by negotiation." It provides in § 4651(3) that, prior to such negotiations, the agency shall provide the owner of desired real property a written statement of the amount the agency has established as just compensation.

■ The legislative purpose of the Act as set out in the first paragraph of § 4651 is to "encourage and expedite the acquisition of real property by agreements with owners. . . ." It is also intended to "avoid litigation and relieve congestion in the courts. . . ." In other words, the purpose is to negotiate a settlement with property owners whenever possible, thereby avoiding litigation in the form of condemnation proceedings.

The Act, in § 4651(8), also indicates that although condemnation proceedings may be instituted by the federal agency, it shall not be necessary to institute such proceedings in order for the owner "to prove the fact of the taking of his real property." The Act, therefore, not only views these negotiations as a prerequisite to and ideally a substitute for the institution of formal condemnation proceedings, but also provides that once the agency initiates such negotiations, a taking, as real as that under condemnation, has occurred.

■ The sale in question took place after seller had received two letters pursuant to the Act. The first letter was entitled "Right of Way Notice," and indicated that the Government intended to acquire certain properties and that her property would be affected. The second letter was a formal offer of a stated amount for the purchase of a specific piece of seller's land. It solicited the "cooperation" of the seller and indicated that it was sent in compliance with the Act.

We therefore conclude that the sale in question, although not pursuant to a judicial proceeding, was in fact a "taking" and that, for our purpose, it was the practical equivalent of a condemnation. To require the landowner to go through a formal proceeding in order to show that her land had in fact been taken would defeat the express purpose of the statute. Such a result would be unacceptable. *State ex rel. Flournoy v. Mangum*, 113 Ariz. 151, 152, 548 P.2d 1148, 1149 (1976).

We find that there is no genuine issue of material fact and that seller is entitled to judgment as a matter of law.

The judgment of the trial court is reversed and the case is remanded for entry of judgment in favor of seller.

CAMERON, C. J., and HOLOHAN, J., concur.